HERMAN P. HEVENOR, Doing Business under the Name of ENGEL & HEVENOR, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

First Department, April 4, 1924.

Contracts — action to recover balance due on contract for construction of foundation for street railway — contract provided for payment on engineer's certificate of progress and on final certificate — plaintiff was required to provide drainage to be laid at same time foundation was laid — drainage was not put down until long after foundation was laid — evidence that pavement laid by city along track sank is inadmissible — contract provided that inspection, approval or acceptance should not prevent defendant from objecting to character of work — error to refuse to charge that engineer was not bound to determine character of work as it was being done or before pavement was laid — failure of defendant to inspect work while being done did not relieve plaintiff from due performance.

In an action to recover a balance alleged to be due on a contract for the construction of the foundation for a street railway it appeared that the contract provided for payments to be made on the engineer's certificates of progress and the final payment to be made upon his final certificate; that the engineer refused to give a final certificate; that the contract required the plaintiff to put in drainage at points where the railway passed over low ground and to do that work at the same time the foundation was being laid; that the drain was not laid until a considerable time after the foundation was completed; that the contract provided that no inspection, approval or acceptance of any part of the work or of the materials used or any payment on account thereof should prevent the defendant from objecting to the character of the work or the materials used at any time thereafter during the life of the agreement.

*Held*, that it was error to admit evidence that pavement laid by the city along the tracks sank and became depressed at points where the street passed over low ground since it was not shown that the city had put in drainage or required the ground to be tamped in the same manner as required by the contract between the plaintiff and the defendant;

That it was error for the court to refuse to charge that the engineer was not bound to satisfy himself before the pavement was laid that the plaintiff had performed his work in a good, workmanlike manner and that there was no duty upon the defendant or its engineer to examine and determine at the time the work was being done whether the same was done in a good, workmanlike manner.

The failure of the defendant or its engineer to inspect the work while it was being done did not under the contract relieve the plaintiff of the duty of performing his contract in a proper way.

APPEAL by the defendant, Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 3d day of May, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day granting the plaintiff's motion for an extra allowance.

*Alfred T. Davison* [*Addison B. Scoville* of counsel], for the appellant.

*Edward M. Grout* and *Paul Grout* [*Edward M. Grout* of counsel; *Charles B. Lavoe* with him on the brief], for the respondent.

SMITH, J.:

Plaintiff sued upon a contract for payment for the reconstruction of a street railroad in Westchester avenue in Bronx county. About $30,000 has been paid upon progress certificates of the engineer, and the plaintiff has recovered judgment for about $16,000, the balance due upon the contract. The contract provides that the work is to be done to the satisfaction of the engineer of the defendant, and that the payments shall be made upon his final certificate. He refused to make the final certificate, so that the plaintiff has recovered here without that final certificate upon the finding of the jury that the work was substantially performed.

There are various cases which have passed upon the necessity of a final certificate. Under the authorities the jury are at liberty to find that the work has been substantially performed and that the final certificate ought to have been given; and, therefore, a cause of action would lie, notwithstanding the engineer refuses to give the certificate. This does not give full effect to the contract, because otherwise there is no force whatever in the provision of the contract making the engineer the final arbiter of the satisfactory performance of the contract. If that were not in the contract, the plaintiff would have been required to show that he had substantially performed the contract before he could recover. This judgment has been permitted upon the same proof that would be required if this provision were not in the contract, and the question of the good faith or bad faith of the engineer or the reasonableness of his action was not in any way presented to the jury. This provision in the contract means something, and proof of substantial performance goes to the good faith or reasonable conduct of the engineer in refusing to give the final certificate. These questions were raised by proper request and exception.

This avenue was to be repaved. This street railway track was a double track and went through the avenue for about two miles. Some of it was low ground. The contract provided that there should be drainage where directed by the engineer, and also that there should be machine tamping. Plaintiff procured a machine tamper, which did not work, while one track was being laid. They repaired the tamper, however, before the second track was completed, and after they succeeded in getting

it to work, it worked very well. The evidence· is to the effect that the engineer permitted the tamping to be done by hand, if substantially well done. Confessedly, the drain was directed to be laid by the side of the track at the time that the track was laid. This was not done, and the drain was not laid until a considerable time afterwards. The only answer made in the brief of the plaintiff is that it was impracticable to put this drain in at this time, because the workmen in making the drain and laying the track would be tumbling over each other; and, furthermore, there is some evidence to the effect that all the directions of the engineer were carried out, which evidence was in general terms, and there is no evidence in any way that these drains were laid at the time the ties were laid or immediately thereafter, nor is there any evidence that he permitted an extension of time in which to lay these drains. The objection that the men would be falling· over each other if they laid the drain at the same time they laid the ties seems to me of little significance. This avenue went through low ground, swampy ground. That would render the necessity of draining and tamping all the greater and much more important than if the track was to be laid upon high ground. While it is possible that the drain could not be put in at the same time, it is clear that the drain could have been put in directly after the ties were laid and before the tamping, so that the tamping would be more effectual to make a substantial foundation for the track.

It is pointed out, also, that some of the pavement outside of the track sank and became depressed by reason of the low ground. But this pavement was being laid by the municipality, and there is no evidence of the contract under which this part of the pavement was laid. Evidence of this fact was admitted over defendant's objection and exception, although some evidence thereof was admitted without objection.

It does not appear that any drainage system was required for the rest of this pavement, nor does it appear that any tamping was required to be done. The fact that this pavement outside of this track sank and became depressed was, therefore, irrelevant to this inquiry and was absolutely incompetent, and the admission of this evidence should, I think, be cause for the reversal of this judgment.

This case has been before us once before. Upon the former appeal the court had directed a judgment for the plaintiff, and this court reversed that judgment (204 App. Div. 535). One of the grounds for reversal was that this court held that, upon the evidence that the defendant's engineer had not found fault with the work at the time it was done, and had certified to progress

payments, he could not thereafter object that the work was not properly done.

Paragraph 4 of the contract provides:

"All of the work shall be performed in the best manner, all materials used shall be of the best quality, and a sufficient number of persons shall be at all times employed to execute the work with due dispatch, all to the satisfaction of the engineer. * * * No inspection, approval or acceptance of any part of the work or of the materials used, or any payment on account thereof, shall prevent the Railway Company from objecting to the character of the work or the materials used at any time thereafter during the life of this agreement."

Upon this trial the court was asked to charge the jury: "I ask the court to charge that the engineer was not bound to satisfy himself before the pavement was laid that the plaintiff had performed his work in a good workmanlike manner." This the court declined to charge and an exception was taken. Further: "I ask the court to charge that there was no duty upon the defendant, or its engineer or inspector, to examine or determine at the same time the work was done, or being done, whether the same had been done in a good, workmanlike manner.

"The Court: I decline to so charge, because if any changes were necessary, they should have been called to the attention of the plaintiff at that time." To this refusal and also to the modification an exception was taken.

This ruling was, I think, erroneous. It appears that after work had been done and after the pavement had been laid, the ground sank away, so that it was necessary to do the job completely over again either then or at some future time. Under the contract itself any approval of the work or any acceptance of it or any payment thereupon while the work is progressing does not preclude the defendant from thereafter determining that the work was not properly done. There was some evidence to the effect that no directions were made by the engineer which were not complied with. Nevertheless the plaintiff was bound to perform his contract and to do the work in a proper and workmanlike manner and to make proof that he had so done before he could recover in this action. He cannot excuse himself because fault was not found by the engineer at the time the work was done. He is bound simply to do the work the engineer directs as to matters specified in the contract. However, he is bound to perform his work thoroughly, and this charge was, in fact, a direction to the jury to find for the plaintiff if the engineer did not make objection as the work progressed that the work was not properly done. It may be that the engineer was

**614** TRIANGLE R. S. CO., INC., *v.* DEFOREST R. T. & T. CO., INC.

First Department, April, 1924. [Vol. 208

not able to keep track of all the work, and that the deficiencies would appear only after the work had been done. The charge was clearly erroneous. It declared the law to be that if any changes were necessary, they should have been called to the attention of plaintiff at that time, that is, when the work was being done. This was held otherwise by the court upon the former appeal (*supra*), and the opinion is undoubtedly based upon sound legal principles.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.