■ POTOMAC INSURANCE COMPANY, as Subrogee of HELEN LUCKER, Respondent, v ROCKWELL INTERNATIONAL CORPORATION et al., Appellants. — In an action sounding in strict products liability and breach of warranty to recover for fire damage to real and personal property, defendants appeal from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated June 4, 1982, as denied those branches of their respective motion and cross motions as sought to dismiss plaintiff's cause of action for breach of warranty as barred by the Statute of Limitations. Order reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of defendants' respective motion and cross motions which sought to dismiss plaintiff's breach of warranty cause of action against them as time barred granted. The cause of action for breach of warranty accrues upon "tender of delivery" (Uniform Commercial Code, § 2-725, subd [2]; *Doulman v Sears, Roebuck & Co.*, 85 AD2d 707; *Fazio v Ford Motor Corp.*, 69 AD2d 896), which admittedly occurred in the summer of 1976, rather than at the time of the actual injury. Thus, the four-year Statute of Limitations set forth in subdivision (1) of section 2-725 of the Uniform Commercial Code had already run at the time the action was commenced against defendant A&S in December, 1981 and defendants Rockwell International and Magic Chef in early 1982. Special Term's reliance upon *Martin v Dierck Equip. Co.* (43 NY2d 583), is misplaced since the claim

involved therein, although denominated a breach of warranty cause of action, was in reality one sounding in strict products liability. Titone, J. P., Lazer, Weinstein and Boyers, JJ. concur.