■ ANTHONY W. LEGGIO, Individually and Doing Business as A. W. LEGGIO ASSOCIATES, Respondent, v CANTOR FITZGERALD INCORPORATED, Appellant.—In an action, *inter alia,* to recover sales commissions allegedly due under certain agreements, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated April 9, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying those branches of the defendant's motion which were for summary judgment dismissing the first, third, and fourth causes of action of the complaint, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 1982, the defendant Cantor Fitzgerald Incorporated (hereinafter Cantor) entered into an agreement with the plaintiff, Anthony Leggio, whereunder Leggio agreed, on a commission basis, to act as Cantor's marketing representative for its newly-created computer service bureau.

Leggio operated under the original agreement until September 22, 1986. The 1982 agreement was replaced by a written agreement dated October 8, 1986, which provided, *inter alia,* that Leggio would be entitled to a commission in the event the Morgan Guaranty Bank of New York (hereinafter J. P. Morgan), utilized Cantor's services within nine months from October 8, 1986. The agreement also provided: "It will be sufficient to protect your rights herein if we receive, within the appropriate time described above, a letter of commitment or executed agreement from any of the above-named firms." Contemporaneously with the execution of that agreement, Cantor and Leggio executed mutual general releases. Thereafter, Leggio continued as marketing representative under the terms of the agreement dated October 8, 1986.

On July 22, 1987, 14 days after the nine-month deadline, J. P. Morgan executed a letter of intent with Cantor. Subsequently, Leggio brought this action against Cantor alleging four causes of action. The first cause of action was to recover damages for breach of contract arising from Cantor's refusal to pay to Leggio a commission to which he claimed to be entitled under the October 8, 1986, agreement with respect to the J. P. Morgan transaction. The second cause of action was to recover damages for breach of contract on the ground that Cantor had deliberately withheld information from and delayed the execution of an agreement with J. P. Morgan until after the deadline in order to avoid the payment of a commission to Leggio. The third and fourth causes of action requested an accounting with respect to commissions allegedly owing to Leggio under the 1986 agreement, and the 1982 agreement, respectively, from Cantor's dealings with customers other than J. P. Morgan.

Cantor moved for summary judgment dismissing the complaint, and the court denied the motion. This appeal ensued.

We agree with the defendant's contention on appeal that the agreement was unambiguous and cannot reasonably be interpreted as the plaintiff would have us interpret it. The agreement specifies three conditions, any of which, if established prior to the deadline, would entitle the plaintiff to a commission, namely, where a potential customer utilizes the

defendant's services, or executes a letter of commitment, or executes an agreement. It is undisputed that none of these conditions existed prior to the deadline date. The circumstances which Leggio claims entitle him to compensation, i.e., that he initiated the bargaining process between J. P. Morgan and Cantor, are not consistent with the express terms of the agreement, and evidence that he is entitled to compensation under the contract for initiating the bargaining process is barred by the parol evidence rule *(see, Thomas v Scutt,* 127 NY 133, 138).

We also agree with the defendant's contention that the allegations comprising the third cause of action of the complaint are insufficient to make out a cause of action for commissions under the agreement with respect to firms other than J. P. Morgan. Moreover, the plaintiff has not presented adequate evidentiary proof to sustain that cause of action.

Regarding the fourth cause of action, we find that the general release executed by the plaintiff extinguished all claims under the 1982 agreement. The plaintiff's contention that he did not understand its import is unpersuasive *(see, Touloumis v Chalem,* 156 AD2d 230, 232; *Metz v Metz,* 175 AD2d 938).

However, a triable issue of fact exists regarding whether the defendant delayed the negotiation or execution of an agreement with J. P. Morgan so as to avoid the payment of a commission to the plaintiff *(see, Kooleraire Serv. & Installation Corp. v Board of Educ.,* 28 NY2d 101, 107). Therefore, we permit the second cause of action to stand. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.