■ DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent, v MICHAEL BAKER, JR. OF NEW YORK, INC., et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendants. NORTH AMERICAN TURBINE CORP. et al., Third-Party Defendants-Appellants. [630 NYS2d 313] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 11, 1994, which granted plaintiff's motion for leave to amend its pleading so as to assert causes of action directly against third-party defendants-appellants, unanimously modified, on the law, to deny the motion insofar as plaintiff seeks to assert a claim for breach of contract, and otherwise affirmed, without costs.

The action arises from the aborted construction of a "selective energy plant" at Bronx Community College. Plaintiff Dormitory Authority of the State of New York entered into a contract with defendant John Grace & Co. ("Grace") on August 19, 1980 to provide mechanical engineering services for the construction of the plant and, on September 30, 1980, Grace entered into a subcontract with third-party defendants-appellants North American Turbine Corp., Kongsberg North America, Natco Division, Kongsberg North America, Inc., Natco North American Turbine Corp. and Kongsberg North America (collectively "Natco") pursuant to which Natco sold, designed, manufactured and installed certain materials and equipment in connection with the project, including gas turbine generator sets, which were delivered in June 1981 and installed in September 1981. .

Plaintiff alleges that within Grace's contract with Natco was

a clause that read: "The Seller hereby guarantees that the materials supplied shall be free from any defects due to faulty materials or workmanship or any violation of the Purchase Order requirements for the same period of time as the Purchaser is liable to the Owner for the same." Plaintiff does not, however, claim to be in possession of the contract between Grace and Natco, and bases its claim that it includes this clause on the fact that other purchase orders issued by Grace to its subcontractors contain this language. On this appeal, Natco has denied that its purchase order contained this language, but did not produce a copy of the subject contract on the motion.

On August 7, 1986, plaintiff terminated Grace's contract, and commenced this action against Grace and others in May 1987, for breach of contract and malpractice. Grace in turn brought a third-party action against Natco, along with numerous other subcontractors, in February 1989, based on claims of contribution and indemnification.

Subsequently, after Grace went into bankruptcy, plaintiff brought this motion pursuant to CPLR 1009, seeking to assert claims for breach of contract and breach of warranty directly against Natco. The motion was granted by the IAS Court over Natco's claim that any action against it by plaintiff was now barred by the Statute of Limitations and that leave to assert any such claim should be denied. The within appeal ensued.

Preliminarily, there is no question, and Natco does not seriously contest, that there is at least a question of fact as to whether plaintiff is a third-party beneficiary of the contract between Grace and Natco (see, Facilities Dev. Corp. v Miletta, 180 AD2d 97, 100-101). Moreover, as Natco concedes, plaintiff's claims against it relate back to the date of interposition of Grace's third-party complaint (see, Duffy v Horton Mem. Hosp., 66 NY2d 473; CPLR 203 [e]). Plaintiff's claims must therefore be considered to have been interposed in February 1989.

The contract between Grace and Natco is for the sale of goods and is governed by the four-year Statute of Limitations found in UCC 2-725 (1). As to plaintiff's first cause of action, for breach of contract, the cause of action accrued "when tender of delivery [was] made" (UCC 2-725 [2]), which was, at the latest, upon installation of the turbines in September 1981. Thus, even with the benefit of the relation back provisions, there is no question that this cause of action was not timely interposed as of February 1989, when Grace brought its third-party action against Natco. Since the cause of action, on its face, is untimely, we find that the court abused its discretion in granting plaintiff leave to interpose it against Natco.

However, as a third-party beneficiary of the contract, plaintiff clearly would be entitled to the benefit of the above quoted guarantee clause, if that clause does, in fact, appear in the contract. That clause, which this Court, in a separate appeal in this matter involving a different subcontractor of Grace, has already held to constitute an express promise of indemnification as to Grace (178 AD2d 249, 250, *lv dismissed* 80 NY2d 826), clearly also constitutes a warranty and would entitle plaintiff, as a third-party beneficiary, to assert a breach of warranty claim. Since the clause specifically warrants future performance, a claim for its breach accrues when the breach was or should have been discovered (UCC 2-725 [2]). Thus, if the related back date of interposition, in February 1989, was within four years of the date when a breach of warranty was or should have been discovered by plaintiff, and if the contract between Grace and Natco did, in fact, contain the contested provision, and if plaintiff was an intended beneficiary of the contract, plaintiff's cause of action for breach of warranty would have been timely filed.

Since the breach of warranty claim is not untimely on its face, the motion for leave to assert it directly against Natco, made pursuant to CPLR 1009, should have been granted. Of course, should discovery conclusively resolve these questions of fact, a motion for summary judgment may be entertained at that time. Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.