■ PAUL PARRINO, Plaintiff, v ARNOLD SPERLING et al., Defendants. (Action No. 1.) PAUL S. PARRINO, Respondent, v 21ST CENTURY SCIENTIFIC INC. et al., Defendants, and DAVE'S PROFESSIONAL WHEELCHAIR REPAIR SERVICE, Appellant. (Action No. 2.) [648 NYS2d 702] —In an action to recover damages for personal injuries (Action No. 1) and a related action to recover damages, *inter alia,* for breach of contract, breach of warranty, and strict products liability (Action No. 2), the defendant Dave's Professional Wheelchair Repair Service appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered May 18, 1995, in Action No. 2, as denied those branches of its motion pursuant to CPLR 3211 and 3212 which were to dismiss the causes of action in Action No. 2 based on negligence, breach of contract, breach of warranty, strict products liability, and General Business Law § 349 insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the appellant's motion which were to dismiss the causes of action in Action No. 2 based on breach of warranty, breach of contract, and General Business Law § 349, and substituting therefore provisions granting those branches of the motion; as so modified the order is affirmed insofar as appealed from, without costs or disbursements, and the causes of action based on breach of warranty, breach of contract, and General Business Law § 349 are dismissed insofar as asserted against the appellant.

The descriptive statement contained in the introduction of the manufacturer's owner manual, which stated that the wheelchair purchased by the plaintiff would "serve [the buyer] well for many years to come", does not rise to the level of a warranty which "explicitly extends to [the] future performance of the goods" (Uniform Commercial Code § 2-725 [2]; *Homart Dev. Co. v Graybar Elec. Co.,* 63 AD2d 727; *cf., Mittasch v Seal Lock Burial Vault,* 42 AD2d 573). The plaintiff's causes of action alleging breach of contract and breach of warranty therefore accrued at the time the wheelchair was delivered to the plaintiff *(see, Mendel v Pittsburgh Plate Glass Co.,* 25 NY2d 340, 344; *Potomac Ins. Co. v Rockwell Intl. Corp.,* 94 AD2d 763), and were time barred because they were asserted more than four years after he took delivery of the wheelchair *(see,* Uniform Commercial Code § 2-725 [1]).

In addition, the Supreme Court should have dismissed the

plaintiff's cause of action pursuant to General Business Law § 349 (a), a consumer protection provision which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service". A plaintiff claiming the benefit of the statute "must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute" *(see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308). Here, the manufacture and sale of a wheelchair customized to the plaintiff's specifications was private in nature *(see, New York Univ. v Continental Ins. Co., supra).* Moreover, we note that the Supreme Court dismissed the plaintiff's causes of action sounding in fraud and misrepresentation, and there is no evidence that the defendant solicited the plaintiff in any manner or utilized fraudulent advertisements *(see, Teller v Bill Hayes, Ltd.,* 213 AD2d 141).

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Altman and Hart, JJ., concur.