■ EDGEWATER CONSTRUCTION CO., INC., Respondent, v 81 & 3 OF WATERTOWN, INC., et al., Appellants and Third-Party Plaintiff-Respondents, et al., Defendants. HARTFORD FIRE INSURANCE COMPANY, Third-Party Defendant-Respondent, and WAL-MART STORES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [675 NYS2d 722] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This litigation arises from the construction of a Sam's Wholesale Club in Watertown by defendant and third-party plaintiff 81 & 3 of Watertown, Inc. (81 & 3), for third-party defendant Wal-Mart Stores, Inc. (Wal-Mart). Pursuant to their lease agreement, 81 & 3 agreed to build the store to Wal-Mart's satisfaction according to Wal-Mart's plans and specifications. 81 & 3 separately contracted with plaintiff, Edgewater Construction Co., Inc. (Edgewater), a general contractor, for the construction. During construction it was discovered that a subcontractor failed to build a masonry wall according to contract specifications. The wall was torn down and rebuilt by Edgewater under protest pursuant to a repair order issued by 81 & 3 at the insistence of Wal-Mart.

Edgewater commenced this action for breach of contract against 81 & 3 to recover the cost of rebuilding, and 81 & 3 commenced a third-party action seeking contribution and common-law or implied indemnification. Edgewater concedes that the subcontractor did not follow the plans and specifications when it installed "Dur-o-Wall" on every other course of the wall rather than every course. Edgewater contends,

however, that it was unnecessary to rebuild the wall to correct the error.

Supreme Court properly denied 81 & 3's motion for summary judgment dismissing the complaint. Although 81 & 3 had the authority under its contract with Edgewater to reject nonconforming work, "[t]hat power cannot be exercised in an arbitrary manner, but [must be exercised] reasonably and in accordance with fairness and good faith" (*Gearty v Mayor of City of N. Y.*, 171 NY 61, 71-72; *see also, Hevenor v Union Ry. Co.*, 208 App Div 610; 22 NY Jur 2d, Contracts, § 342). The contract does not provide that the installation of "Dur-o-Wall" on every course is a condition precedent to 81 & 3's obligation under the contract to pay Edgewater. Edgewater's contractual obligations are, therefore, "subject to the precept that substantial compliance is sufficient" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690), provided that "departures from the building specifications were neither willful nor substantial in view of the entire project" (*Lewis v Barsuk*, 55 AD2d 817, 818; *see, Jacob & Youngs v Kent*, 230 NY 239, *rearg denied* 230 NY 656; Restatement [Second] of Contracts § 229). 81 & 3 failed to submit evidentiary proof in admissible form that the subcontractor's error was willful or substantial in view of the entire project and, thus, did not meet its burden of establishing entitlement to judgment in its favor as a matter of law.

The court erred, however, in denying the cross motion of Wal-Mart for summary judgment dismissing the third-party complaint against it. The right to contribution is statutory (*see,* CPLR 1401) and is limited to actions sounding in tort (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 28; *City of Rochester v Holmsten Ice Rinks*, 155 AD2d 939, 940). Because Edgewater's action is for breach of contract, 81 & 3 has no right to contribution from Wal-Mart. Nor do the facts of this case give rise to a claim for common-law or implied indemnification. "[T]he predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee" (*Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs.*, 109 AD2d 449, 453; *see, Garrett v Holiday Inns*, 58 NY2d 253, 263-264; *SSDW Co. v Feldman-Misthopoulos Assocs.*, 151 AD2d 293, 296). Because Edgewater is suing 81 & 3 for its breach of the construction contract and is not seeking to hold 81 & 3 vicariously liable for any negligence by Wal-Mart, 81 & 3 has no cause of action against Wal-Mart for common-law or implied indemnification (*see, Garrett v Holiday Inns, supra,* at 263-264; *Mount Vernon Fire Ins.*

*Co. v Mott*, 179 AD2d 626; *Dormitory Auth. v Caudill Rowlett Scott*, 160 AD2d 179, 181, *lv denied* 76 NY2d 706; *City of Rochester v Holmsten Ice Rinks, supra,* at 940).

We therefore modify the order by granting the cross motion of Wal-Mart for summary judgment and dismissing the third-party complaint against it. (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.