■ ANASTASIA ITHIER, Appellant, v LONG ISLAND JEWISH MEDICAL CENTER, Respondent. [682 NYS2d 909] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated May 6, 1998, as, upon reargument of the defendant's prior motion for summary judgment, adhered to the original determination dismissing the complaint (*see, Ithier v Long Is. Jewish Med. Ctr.*, 257 AD2d 647 [decided herewith]).

Ordered that the order is affirmed insofar as appealed from, with costs.

After examination of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the "time, place and circumstance of the injury", the Supreme Court correctly concluded that no triable issue of fact was presented (*see, Trincere v County of Suffolk*, 90 NY2d 976).

The plaintiff's remaining contentions are without merit. Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.

■ LAMINATES UNLIMITED, INC., Appellant, v CONNECTICUT PLYWOOD CORP. et al., Respondents. [682 NYS2d 630] —In an action, *inter alia*, to recover damages for breach of warranty, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 11, 1997, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the court properly determined that the cause of action alleging breach of warranty was time-barred (*see,* Uniform Commercial Code § 2-725 [2]; *Parrino v Sperling*, 232 AD2d 618; *Homart Dev. Co. v Graybar Elec. Co.*, 63 AD2d 727). In addition, the court correctly concluded that the August 15, 1995, release executed by the parties discharged all of the plaintiff's future claims against the defendants relating to the subject product (*see, Leggio v Cantor Fitzgerald Inc.*, 182 AD2d 611), and that the plaintiff failed to sufficiently allege a cause of action for fraud (*see, Edwil Indus. v Stroba Instruments Corp.*, 131 AD2d 425). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.