■ EUROPEAN AMERICAN BANK, Respondent-Appellant, v SUPERIOR AUTO SALES, INC., Appellant-Respondent. [698 NYS2d 630] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 1, 1999, which, in an action for breach of warranty arising out of defendant importer's delivery of cars to plaintiff's assignor, a car dealership, that did not meet Federal and State safety requirements, upon the parties' respective motions for summary judgment, awarded plaintiff judgment on the issue of liability and dismissed plaintiff's claim for punitive damages, unanimously affirmed, without costs.

Plaintiff's assignor was a third-party beneficiary of defendant's contract with the Canadian exporter to deliver cars to plaintiff's assignor, and, accordingly, plaintiff has a cause of action for breach of warranty even though there was no buyer-seller relationship between defendant and plaintiff's assignor (*see, Dormitory Auth. v Baker*, 218 AD2d 515). In addition, even assuming that defendant could prove that plaintiff's assignor knew of and consented to the warranty agreement limiting defendant's liability to repair and replacement, any such agreement cannot be enforced because, as confirmed by regulatory authority, repair and replacement of the noncomplying parts was not a legal option (*see, Consolidated Data Terms. v Applied Digital Data Sys.*, 708 F2d 385, 392). However, plaintiff fails to show that defendant's conduct is actionable as an independent tort, egregious in nature, part of a pattern directed at the public generally, or otherwise warrants an award of punitive damages (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315-316). We have considered defendant's remaining contentions and find them to be without merit. Concur—Williams, J. P., Rubin, Saxe and Friedman, JJ.