■ WYANDANCH VOLUNTEER FIRE COMPANY, INC., Respondent, v RADON CONSTRUCTION CORPORATION et al., Defendants, and BUTLER MANUFACTURING, Appellant. [798 NYS2d 484]—

In an action, inter alia, to recover damages for breach of contract, the defendant Butler Manufacturing appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated July 13, 2004, as granted the plaintiff's motion for leave to amend the complaint to add a cause of action alleging breach of warranty.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1996 the plaintiff entered into a contract for the construc-

tion of a vehicle storage building. The edifice was constructed using a "pre-engineered" building manufactured by the appellant, Butler Manufacturing (hereinafter Butler), to which were affixed exterior stone panels. In August 1999, shortly after completion of the building, the stone panels began to crack. In October 2002 the plaintiff commenced this action.

Butler moved to dismiss the complaint insofar as asserted against it. Butler argued that the sole cause of action asserted against it in the complaint was time-barred since it sounded in strict products liability, and thus was governed by a three-year statute of limitations which began to run on December 6, 1996, the date when the structure was shipped. The plaintiff opposed the motion and cross-moved for leave to add a cause of action sounding in breach of warranty. The court dismissed the complaint insofar as asserted against Butler "with regard to the cause of action for products liability." However, the court also held that "plaintiff should be afforded the opportunity to amend the complaint to add a cause of action for breach of express warranty." On appeal Butler contends that the breach of express warranty cause of action was also time-barred.

Although an action sounding in breach of warranty must be commenced within four years after the cause of action accrues (*see* UCC 2-725), which is usually upon delivery of the goods, an exception is made "where the warranty explicitly extends to [the] future performance of the goods and discovery of the breach must await the time of such performance" (UCC 2-725 [2]). "In the event of a warranty of future performance, the cause of action accrues when the breach is or should have been discovered (*see* UCC 2-725 [2])" (*Imperia v Marvin Windows*, 297 AD2d 621, 623 [2002]; *see also Mittasch v Seal Lock Burial Vault*, 42 AD2d 573 [1973]). "A warranty of future performance is one that guarantees that the product will work for a specified period of time" (*St. Patrick's Home for the Aged & Infirm v Laticrete Intl.*, 264 AD2d 652, 657 [1999]; *see also Dormitory Auth. v Baker of N.Y.*, 218 AD2d 515, 517 [1995]).

The warranty provision at issue herein is one for future performance since the "plain wording" of the provision indicates that the product's performance was warrantied for a period of five years (*see St. Patrick's Home for the Aged & Infirm v Laticrete Intl., supra* at 657). Accordingly, the cause of action alleging breach of express warranty accrued when the breach was discovered in 1999, and thus would have been timely if asserted in the original complaint (*see* UCC 2-725 [2]). In view of this conclusion, as well as all of the facts and circumstances of this case, the Supreme Court providently exercised its discretion in

granting the plaintiff's motion for leave to serve an amended complaint to add a cause of action sounding in breach of warranty (*see* CPLR 3025 [b]; *St. Patrick's Home for the Aged & Infirm v Laticrete Intl., supra; see also Arcuri v Ramos,* 7 AD3d 741 [2004]; *Schiavone v Victory Mem. Hosp.,* 300 AD2d 294 [2002]). Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.