■ HIGH POINT OF HARTSDALE I CONDOMINIUM, Respondent, v AOI CONSTRUCTION, INC., Also Known as AOI RESTORATION, INC., Respondent, and LAWLESS & MANGIONE, ARCHITECTS & ENGINEERS, LLP, Formerly Known as ANTONUCCI & LAWLESS, ARCHITECTS & ENGINEERS, LLP, Appellant. [818 NYS2d 471]—In an action, inter alia, to recover damages for breach of contract, the defendant Lawless & Mangione, Architects & Engineers, LLP, formerly known as Antonucci & Lawless, Architects & Engineers, LLP, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 27, 2005, as denied those branches of its motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and for summary judgment on its cross claim for contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing all cross claims insofar as asserted against the appellant, and substituting therefor a provision granting that branch of the motion; as so modified, the or-

der is affirmed insofar as appealed from, without costs or disbursements.

On that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, the appellant failed to demonstrate its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Accordingly, the court correctly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The defendant AOI Construction, Inc., also known as AOI Restoration, Inc. (hereinafter AOI), conceded that it would not be entitled to indemnification or contribution from the appellant if it was held liable to the plaintiff (*see* CPLR 1401; *Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 26 [1987]; *Wecker v Quaderer,* 237 AD2d 512, 513 [1997]). Furthermore, should AOI be held liable to the plaintiff because of its breach of the construction contract, AOI, which would not be held vicariously liable for the appellant's acts, would also not be entitled to common-law indemnification from the appellant (*see Edgewater Constr. Co. v 81 & 3 of Watertown,* 252 AD2d 951, 952-953 [1998]; *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.,* 109 AD2d 449, 453-454 [1985]). Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was to dismiss AOI's cross claims.

The appellant's remaining contention is without merit. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.