█ Mark Schwatka et al., Appellants, v Super Millwork, Inc., et al., Respondents. [965 NYS2d 547]—

In an action, inter alia, to recover damages for breach of express warranty and fraudulent concealment, the plaintiffs ap-

peal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated October 21, 2011, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) to dismiss their cause of action to recover damages for breach of express warranty and pursuant to CPLR 3211 (a) (7) to dismiss their cause of action to recover damages for fraudulent concealment, and denied, as unnecessary, their cross motion for leave to amend their complaint.

Ordered that the appeal from so much of the order as denied, as unnecessary, the plaintiffs' cross motion for leave to amend their complaint is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Insofar as the plaintiffs appeal from that portion of the Supreme Court's order which denied, as unnecessary, their cross motion for leave to amend the complaint, the appeal is dismissed. Since the Supreme Court determined that the plaintiffs could amend their complaint a second time as of right, and since the Supreme Court considered the plaintiffs' proposed second amended complaint in deciding the defendants' motion to dismiss, the plaintiffs effectively obtained the relief they sought in their cross motion, and so were not aggrieved by the portion of the order which denied their cross motion for leave to amend to the complaint as unnecessary (see generally CPLR 5501; AMS Prods., LLC v Signorile, 66 AD3d 929 [2009]).

According to the plaintiffs' proposed second amended complaint, in 2002 they purchased a house in New Suffolk which allegedly had been constructed in 1997. At the time of construction, the original owners allegedly purchased windows and doors that were manufactured, distributed, and retailed by the defendants. In 2009, approximately seven years after the plaintiffs purchased the house from the original owners, the windows and doors allegedly began exhibiting visible signs of peeling, rot, and decay. In August 2010, the plaintiffs commenced this action, inter alia, to recover damages for breach of express warranty and fraudulent concealment. The Supreme Court, among other things, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) to dismiss the cause of action to recover damages for breach of express warranty and pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for fraudulent concealment.

A cause of action alleging breach of warranty is governed by a

four-year statute of limitations (*see* UCC 2-725 [1]; *Ito v Marvin Lbr. & Cedar Co.*, 54 AD3d 1001, 1002 [2008]; *Weiss v Polymer Plastics Corp.*, 21 AD3d 1095 [2005]). Generally, a breach of warranty action accrues "when tender of delivery is made" (UCC 2-725 [2]; *see Parrino v Sperling*, 232 AD2d 618 [1996]; *Potomac Ins. Co. v Rockwell Intl. Corp.*, 94 AD2d 763 [1983]). As an exception to this general rule, the UCC provides that "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," then "the cause of action accrues when the breach is or should have been discovered" (UCC 2-725 [2]; *see Wyandanch Volunteer Fire Co., Inc. v Radon Constr. Corp.*, 19 AD3d 590 [2005]; *Imperia v Marvin Windows of N.Y.*, 297 AD2d 621, 623 [2002]). "A warranty of future performance is one that guarantees that the product will work for a specified period of time" (*St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d 652, 657 [1999]; *see Wyandanch Volunteer Fire Co., Inc. v Radon Constr. Corp.*, 19 AD3d at 591). However, "[w]arranties to repair or replace [a] product in the event that it fails to perform, without any promise of performance, do not constitute warranties of future performance" (*St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d at 657; *see Shapiro v Long Is. Light. Co.*, 71 AD2d 671 [1979]).

Here, the subject warranty did not guarantee that the windows and doors would be free from defects for any specified period of time. Instead, it guaranteed that if any defect in manufacturing, materials or workmanship occurred within 10 years, then the product would be repaired or replaced, or the purchase price refunded. As such, the Supreme Court properly determined that the warranty did not extend to future performance (*see Gianakakos v Commodore Home Sys.*, 285 AD2d 907 [2001]; *Hull v Moore's Mobile Homes Stebra*, 214 AD2d 923 [1995]; *Shapiro v Long Is. Light. Co.*, 71 AD2d at 671; *cf. St. Patrick's Home for Aged & Infirm v Laticrete Intl.* 264 AD2d at 652-659; *Dormitory Auth. of State of N.Y. v Baker, Jr. of N.Y.*, 218 AD2d 515 [1995]; *Mittasch v Seal Lock Burial Vault*, 42 AD3d 573 [1973]), and that the plaintiffs' causes of action alleging breach of express warranty accrued in 1997, when the windows and doors were allegedly delivered (*see* UCC 2-725). Since the action was commenced in August 2010, more than four years after the accrual date for breach of warranty actions, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the plaintiffs' cause of action to recover damages for breach of express warranty.

Furthermore, the Supreme Court properly granted that

branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiffs' cause of action to recover damages for fraudulent concealment. In pleading a cause of action to recover damages for fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]; *see High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011]; *Daly v Kochanowicz*, 67 AD3d 78, 89 [2009]). A cause of action sounding in fraud must allege that the defendant knowingly misrepresented or concealed a material fact for the purpose of inducing another party to rely upon it, and that the other party justifiably relied upon such misrepresentation or concealment to his or her own detriment (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]; *Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914, 916 [2009]; *Colasacco v Robert E. Lawrence Real Estate*, 68 AD3d 706, 708 [2009]). "A cause of action to recover damages for fraudulent concealment requires, in addition to allegations of scienter, reliance, and damages, an allegation that the defendant had a duty to disclose material information and that it failed to do so" (*High Tides, LLC v DeMichele*, 88 AD3d at 957; *see Consolidated Bus Tr., Inc. v Treiber Group, LLC*, 97 AD3d 778 [2012]). Here, the conclusory allegations in the plaintiffs' complaint were insufficient to meet the pleading requirements of CPLR 3016, in that the complaint was devoid of any factual details regarding the manner in which the defendants knowingly concealed their alleged knowledge of the defects in the windows and doors (*see Mancuso v Rubin*, 52 AD3d 580 [2008]; *Jae Heung Yoo v Se Kwang Kim*, 289 AD2d 451, 452 [2001]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiffs' cause of action to recover damages for fraudulent concealment. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur. **[Prior Case History: 33 Misc 3d 1213(A), 2011 NY Slip Op 51912(U).]**