OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and defendant’s motion to dismiss the action is denied without prejudice to defendant raising the affirmative defense of statute of limitations at trial.
Plaintiff commenced this small claims action in 2013 seeking to recover the sum of $3,095 for an alleged breach of warranty with respect to a tombstone he had purchased from defendant. Plaintiff alleged that there were issues with the stone and the engraving thereon despite defendant’s promise that the tombstone would “last forever.” Defendant moved to dismiss the action on the ground that it is time-barred under the six-year statute of limitations applicable to breach of contract actions, since the tombstone had been purchased and installed in 2003. The City Court agreed and granted defendant’s motion.
At the outset, we note that the City Court erroneously concluded that this action is governed by a six-year statute of limitations. Rather, as this action seeks to recover for a breach of warranty involving the sale of goods, a tombstone, it is subject to a four-year statute of limitations (UCC 2-725 [1]; see Ito v Marvin Lbr. & Cedar Co., 54 AD3d 1001 [2008]; Weiss v Polymer Plastics Corp., 21 AD3d 1095 [2005]; Hull v Moore’s Mobile Homes Stebra, 214 AD2d 923 [1995]).
While a breach of warranty claim is generally deemed to accrue when delivery is made (see UCC 2-725 [2]; Parrino v Sperling, 232 AD2d 618 [1996]; Potomac Ins. Co. v Rockwell Intl. Corp., 94 AD2d 763 [1983]), as an exception to this general rule, the Uniform Commercial Code provides that “where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such per *67 formance the cause of action accrues when the breach is or should have been discovered” (UCC 2-725 [2]; see Wyandanch Volunteer Fire Co., Inc. v Radon Constr. Corp., 19 AD3d 590 [2005]; Imperia v Marvin Windows of N.Y., 297 AD2d 621 [2002]). “A warranty of future performance is one that guarantees that the product will work for a specified period of time” (St. Patrick’s Home for Aged & Infirm v Laticrete Intl., 264 AD2d 652, 657 [1999]; see Wyandanch Volunteer Fire Co., Inc. v Radon Constr. Corp., 19 AD3d 590 [2005]; Dormitory Auth. of State of N.Y. v Baker, Jr. of N.Y., 218 AD2d 515 [1995]).
Here, the literature circulated by defendant states that the products it sells are guaranteed to “last forever” and that “the memorials that Polchinski Memorials sells are backed by a perpetual warranty.” The foregoing provisions in defendant’s literature constituted an explicit warranty of future performance (Imperia v Marvin Windows of N.Y., 297 AD2d 621 [2002]; Dormitory Auth. of State of N.Y. v Baker, Jr. of N.Y., 218 AD2d 515 [1995]). Thus, plaintiff’s claim for breach of this warranty accrued when “the breach [was] or should have been discovered” (UCC 2-725 [2]). Since defendant did not establish when the alleged breach was or should have been discovered, its motion should have been denied without prejudice to defendant raising the affirmative defense of statute of limitations at trial upon a showing of when the breach, if any, had occurred.
Tolbert, J.P., Iannacci and Connolly, JJ., concur.