Board of Educ. of Palmyra-Macedon Cent. Sch. Dist. v Flower City Glass Co., Inc. (2019 NY Slip Op 09123)





Board of Educ. of Palmyra-Macedon Cent. Sch. Dist. v Flower City Glass Co., Inc.


2019 NY Slip Op 09123


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


856 CA 18-01747

[*1]BOARD OF EDUCATION OF PALMYRA-MACEDON CENTRAL SCHOOL DISTRICT, PLAINTIFF-RESPONDENT,
v
FLOWER CITY GLASS CO., INC., FLOWER CITY GLASS ASSOCIATES, LLC, FLOWER CITY GLASS CO. OF NEW YORK, LLC, FLOWER CITY GLASS, AND NUDO PRODUCTS, INC., DEFENDANTS-APPELLANTS. 






OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL A. REDDY OF COUNSEL), FOR DEFENDANTS-APPELLANTS FLOWER CITY GLASS CO., INC., FLOWER CITY




 Appeals from an order of the Supreme Court, Wayne County (Matthew A. Rosenbaum, J.), entered August 14, 2018. The order, among other things, denied in part defendants' respective motions for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of defendant Nudo Products, Inc. for summary judgment dismissing plaintiff's breach of express warranty cause of action against it to the extent that this cause of action is based on documents or agreements other than the Limited Finish Warranty Agreement and for summary judgment dismissing the cross claims against it for breach of express warranty and common-law indemnification and as modified the order is affirmed without costs.
Memorandum: Plaintiff contracted with defendant Flower City Glass Co., Inc. (Flower City) to perform certain work on a school building (project). After the work had been completed, plaintiff noticed that the wall panels installed pursuant to the contract were defective. Flower City had purchased the wall panels from defendant Nudo Products, Inc. (Nudo). Plaintiff commenced this action asserting, as relevant to these appeals, a breach of contract cause of action against Flower City and defendants Flower City Glass Associates, LLC, Flower City Glass Co. of New York, LLC, and Flower City Glass (collectively, Flower City defendants) and a breach of express warranty cause of action against Nudo.
The Flower City defendants appeal from that part of an order that denied in part their motion insofar as it sought summary judgment dismissing the amended complaint against them. Nudo, as limited by its brief, appeals from that part of the same order that denied in part its motion for summary judgment dismissing the amended complaint and the Flower City defendants' cross claims against it.
We reject the Flower City defendants' contention on their appeal that Supreme Court erred in denying in part their motion with respect to the breach of contract cause of action against them. Initially, we agree with plaintiff that the Flower City defendants' contention that the certifications of work issued by the project architect and the construction manager constituted [*2]plaintiff's waiver of any alleged breach is not properly before us inasmuch as it was raised for the first time in their reply papers on the motion (see Edwards v Gorman, 162 AD3d 1480, 1481 [4th Dept 2018]). The Flower City defendants also improperly raised for the first time in their reply papers the contention that plaintiff failed to sufficiently state a breach of contract cause of action in its amended complaint because plaintiff failed to specify "which, if any, specific contract provisions" were allegedly breached (see id.). To the extent that the Flower City defendants argue that the breaches alleged by plaintiff in opposition to their motion constituted new legal theories, that contention was properly raised in their reply papers but lacks merit (see generally Mathew v Mishra, 41 AD3d 1230, 1231 [4th Dept 2007]). Here, plaintiff's arguments in opposition were not new theories of liability but rather specific examples of how Flower City failed to "install[] . . . the panels in a workmanlike and professional manner and in conformance with industry standards and pursuant to the Contract Documents" as alleged in the amended complaint (see Giacometti v Farrell [appeal No. 2], 133 AD3d 1387, 1389 [4th Dept 2015]).
With respect to the merits, we agree with the Flower City defendants that they met their initial burden on that part of the motion with respect to the breach of contract cause of action by submitting the certifications issued by the project architect and construction manager, which constituted prima facie evidence that Flower City complied with all contractual requirements (see Gee v City of New York, 304 AD2d 615, 616 [2d Dept 2003]; Stevens v Bast Hatfield, Inc., 226 AD2d 981, 981-982 [3d Dept 1996]). We further conclude, however, that plaintiff raised triable issues of fact whether Flower City failed to install the panels "in conformance with industry standards and pursuant to the Contract Documents" and whether that failure proximately caused the damage to plaintiff's panels (cf. Gee, 304 AD2d at 616).
We agree with Nudo on its appeal that the court erred in denying that part of its motion seeking summary judgment dismissing the Flower City defendants' breach of express warranty cross claim as untimely, and we therefore modify the order accordingly. In order to meet its initial burden on the motion of demonstrating that the applicable statute of limitations period had expired, Nudo was required to establish when the Flower City defendants' cross claim accrued (see Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011]; see also Haynes v Williams, 162 AD3d 1377, 1378 [3d Dept 2018], lv denied 32 NY3d 906 [2018]). Although generally the statute of limitations for a breach of express warranty claim is four years, here Nudo's Limited Finish Warranty Agreement (Limited Warranty), the express warranty at issue, contractually reduced that period to one year (see UCC 2-725 [1]). Inasmuch as the Limited Warranty warranted the panels from the development of certain specified defects "for a period of Twenty (20) years," it constitutes a warranty of future performance (see UCC 2—725 [2]; Schwatka v Super Millwork, Inc., 106 AD3d 897, 899 [2d Dept 2013]). Thus, the Flower City defendants' cross claim for breach of the Limited Warranty accrued "when the breach [was] or should have been discovered" (UCC 2—725 [2]; see Schwatka, 106 AD3d at 899). We agree with Nudo that Flower City knew of the circumstances constituting the alleged breach of the Limited Warranty no later than September 9, 2014, when plaintiff informed Flower City that the panels were exhibiting widespread pitting and appeared to be "rusting from the inside out."
Nudo therefore established that the Flower City defendants' December 27, 2016 cross claim for breach of the Limited Warranty was untimely, and the burden thus shifted to the Flower City defendants to establish that an exception to the limitations period applies (see Carrington v New York State Off. for People With Dev. Disabilities, 170 AD3d 1495, 1496 [4th Dept 2019]). In opposition to Nudo's motion, however, the Flower City defendants conceded that they were not seeking direct damages with respect to Nudo's alleged breach of the Limited Warranty and contended that they were instead seeking reimbursement for any judgment plaintiff might obtain against them in the future, that they had not yet suffered that injury, and that the Limited Warranty's limitations period thus had not started to run. Inasmuch as those allegations are merely duplicative of their common-law indemnification cross claim against Nudo and are premised on an incorrect statement of the law regarding when a breach of express warranty claim accrues (see UCC 2—725 [2]; Schwatka, 106 AD3d at 899), we conclude that the Flower City defendants failed to establish that an exception to the limitations period applies to their breach of express warranty cross claim (see Carrington, 170 AD3d at 1496).
We further agree with Nudo that the court erred in denying its motion with respect to the Flower City defendants' common-law indemnification cross claim, and we therefore further modify the order accordingly. "Since the predicate of common-law indemnity is vicarious [*3]liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" (Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co., 23 AD3d 1025, 1028 [4th Dept 2005], lv dismissed 7 NY3d 741 [2006] [internal quotation marks omitted]). Here, as discussed above, plaintiff's breach of contract cause of action is based on allegations of Flower City's active wrongdoing, i.e., its failure to install the panels in conformance with contractual requirements (see High Point of Hartsdale I Condominium v AOI Constr., Inc., 31 AD3d 712, 713 [2d Dept 2006]; Edgewater Constr. Co. v 81 & 3 of Watertown, Inc., 252 AD2d 951, 952-953 [4th Dept 1998], lv denied 92 NY2d 814 [1998]).
Finally, we also agree with Nudo that the court should have granted that unopposed part of its motion seeking summary judgment dismissing plaintiff's breach of express warranty cause of action against it to the extent that this cause of action was based on documents or agreements other than the Limited Warranty (see Allington v Templeton Found., 167 AD3d 1437, 1439 [4th Dept 2018]; Donna Prince L. v Waters, 48 AD3d 1137, 1138 [4th Dept 2008]), and thus we further modify the order accordingly.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court