Roberts v City of White Plains-Law Dept. (2023 NY Slip Op 50454(U))

[*1]

Roberts v City of White Plains-Law Dept.

2023 NY Slip Op 50454(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2022-526 W C

Jacquelyn Roberts, Appellant, 
against
City of White Plains-Law Department, Respondent. 

Jacquelyn Roberts, appellant pro se.
City of White Plains-Law Department, for respondent (no brief filed).

Appeal from a judgment of the City Court of White Plains, Westchester County (John P. Collins, J.), entered June 15, 2022. The judgment, after a nonjury trial, dismissed plaintiff's cause of action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action in September 2020 to recover the principal sum of $5,000 for property damage to the oil fill located in the right-of-way area of her property, which occurred in November 2018. At a nonjury trial, defendant moved to dismiss plaintiff's action as barred by the statute of limitations, and the court dismissed the action on this ground. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Pursuant to General Municipal Law § 50-i (1), an action "against a city, county, town, village, fire district or school district for personal injury, . . . or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district . . . shall be commenced within one year and ninety days after the happening of the event upon which the claim is based."
Pursuant to CPLR 3211 (a) (5), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that" the cause of action was not commenced within the statute of limitations period. Pursuant to CPLR 3211 (e), the affirmative defense of statute of limitations "is waived unless raised either by" motion "before service of the responsive pleading is required," or "in the responsive pleading" (see Paladino v Time Warner Cable of NY City, 16 AD3d 646, 647 [2005]). However, in a small claims action, the affirmative [*2]defense of statute of limitations is not waived if, as in this case, it was raised at trial, since a responsive pleading is not required in a small claims action (see UCCA 1803; Hoctor v Polchinski Mems., Inc., 50 Misc 3d 65, 67 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; German v Amadio, 29 Misc 3d 141[A], 2010 NY Slip Op 52124[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
In this case, defendant established that the action had not been filed within the 1-year and 90-day statute of limitations period applicable to actions for property damage against a municipal entity, pursuant to General Municipal Law § 50-i. As plaintiff failed to raise an issue of fact, the City Court properly dismissed the action as barred by the statute of limitations.
Accordingly, the judgment is affirmed.
EMERSON, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023