Gaudinier v Wrobel (2024 NY Slip Op 50398(U))

[*1]

Gaudinier v Wrobel

2024 NY Slip Op 50398(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-695 D C

Michelle Lee Gaudinier, Appellant,
against
Lewis Wrobel, Respondent. 

Michelle Lee Gaudinier, appellant pro se.
Mickey A. Steiman, for respondent (no brief filed).

Appeal from a judgment of the City Court of Poughkeepsie, Dutchess County (Frank M. Mora, J.), entered June 30, 2022. The judgment, after a nonjury trial, dismissed the action on the ground that it was barred by the statute of limitations.

ORDERED that the judgment is affirmed, without costs.
Plaintiff owned two adjacent parcels of land: a landlocked, mortgaged parcel on which her home stood (the improved parcel), and a second, unimproved and unmortgaged parcel which provided access to, and contained the septic system for, the improved parcel. In 2011, after a judgment was obtained against plaintiff and judgment liens were filed against both parcels of land, defendant represented plaintiff in a bankruptcy proceeding and, in 2012, the judgment was discharged. The judgment liens, however, remained in place. Plaintiff subsequently went into default on her mortgage. In 2014, in connection with the renegotiation of her mortgage, she retained defendant to reopen the bankruptcy proceeding and have the judgment liens removed from her property. In 2015, upon defendant's motion, the judgment lien was removed from the improved, mortgaged parcel, but the Bankruptcy Court denied the branch of defendant's motion seeking removal of the judgment lien from the unimproved, unmortgaged parcel. After plaintiff procured a market analysis of that parcel, defendant failed to make an additional motion supported by the market analysis. Defendant only notified plaintiff in May 2016 that, in October [*2]2015, the bankruptcy judge had marked plaintiff's bankruptcy case off the calendar. In January 2017, plaintiff filed a complaint against defendant with the Grievance Committee for the Ninth Judicial District, as a result of which defendant was admonished. On September 30, 2020, plaintiff commenced this small claims action to recover the principal sum of $5,000 for damages she claims to have incurred by reason of defendant's failure to file the market analysis of her property in Bankruptcy Court in 2015, alleging, in efffect, breach of contract and legal malpractice. 
At trial, defense counsel argued that the matter was barred by the statute of limitations, thus preserving the statute of limitations defense (see Roberts v City of White Plains-Law Dept., 78 Misc 3d 134[A], 2023 NY Slip Op 50454[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; Hoctor v Polchinski Mems., Inc., 50 Misc 3d 65, 67 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Since the parties' professional relationship concluded no later than January 2017, when plaintiff filed a complaint against defendant with the Grievance Committee, and plaintiff commenced this action more than three years later, the Poughkeepsie City Court correctly concluded that plaintiff's claim for legal malpractice was barred by the applicable three-year statute of limitations (see CPLR 214 [6]). Plaintiff's breach of contract claim, which arose from the same operative facts as her legal malpractice claim and did not seek distinct and different damages, was duplicative of her legal malpractice claim and thus was properly dismissed (see Alexim Holdings, LLC v McAuliffe, 221 AD3d 641, 644 [2023]; Lam v Weiss, 219 AD3d 713, 718 [2023]; Cali v Maio, 189 AD3d 1337, 1339 [2020]). In view of the foregoing, the dismissal of her claim rendered substantial justice between the parties according to the rules and principles of substantive law (see UCCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment is affirmed. 
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024