■ JORDACHE ENTERPRISES, INC., Appellant, v GETTINGER ASSOCIATES, Respondent et al., Counterclaim Defendant.— Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered March 25, 1991, which dismissed the complaint, unanimously affirmed, with costs. The appeal from the order of the same court and same Justice, entered March 7, 1991, is dismissed as superceded by the judgment entered thereon.

Plaintiff Jordache Enterprises, Inc., the assignee of four

separate commercial leases covering four separate premises within 1407 Broadway, New York, seeks rescission of the lease agreements based upon defendant Gettinger Associates' alleged fraudulent representation that the 43rd floor of the subject premises, which is but one of the four premises in question, had a proper certificate of occupancy permitting that floor to be utilized for storage purposes.

In dismissing the complaint, the IAS Court properly determined that the absence of a certificate of occupancy for the leased premises did not entitle the plaintiff to terminate the four leases, particularly where the absence of the certificate was readily cured by the subsequent acquisition by the defendant of a temporary amended certificate of occupancy. *(56-70 58th St. Holding Corp. v Fedders-Quigan Corp.,* 5 NY2d 557, 561, *rearg granted* 6 NY2d 882.) Nor did plaintiff come forward with evidence sufficient to raise a triable issue of fact in support of its claim for rescission *(Zuckerman v City of New York,* 49 NY2d 557, 560). Plaintiff failed to produce evidentiary proof in admissible form rebutting documentary evidence from the Department of Buildings and expert testimony from a former Deputy Commissioner of the Department of Buildings which established that the absence of a certificate of occupancy had not interfered with the plaintiff's possession and lawful use of the subject premises for storage purposes, and that the plaintiff had therefore not suffered any damages *(Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778).

Finally, as the IAS Court properly concluded, plaintiff's reliance upon an alleged misrepresentation by the defendant concerning the existence of a certificate of occupancy was not reasonable where the terms of the certificate of occupancy, a public record, were not within the exclusive knowledge of the defendant. *(Vermeer Owners v Guterman,* 169 AD2d 442, 445, *lv granted in part* 77 NY2d 937.)

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.