■ Progressive Image Gruppe, Inc., Appellant, v 162 Charles Street Owners, Inc., et al., Respondents. [707 NYS2d 98] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered August 29, 1997, which, in an action by a subtenant against the main tenant and others for breach of contract and fraud, denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

The sublease, which permitted "commercial use with ancillary living only" and contained no express representation as to the certificate of occupancy, was not automatically voided by the circumstance that plaintiff's contemplated use of the premises as a combination residence and video editing shop did not conform with the existing certificate of occupancy. The mere failure of a landlord to obtain a certificate of occupancy before a commercial tenant's date of occupancy does not, without more, give the tenant the right to terminate the lease (*see, Jordache Enters. v Gettinger Assocs.*, 176 AD2d 616; *Silver v Moe's Pizza*, 121 AD2d 376). Nor does plaintiff establish that it was entitled to cancel the sublease and recover the costs of the improvements it made to the premises when it discovered that, by reason of the restriction in the certificate of occupancy, it could not obtain the permits and other governmental approvals needed for the additional improvements it wanted to make. While paragraph E of the rider permits cancellation where improvements that plaintiff intends to make or makes would require an amendment to the certificate of occupancy respecting use, plaintiff submitted no documentary evidence of the plans it submitted to the Building Department, the types of permits requested, proof of the Building Department's rejection thereof and the reasons therefor, and otherwise failed to establish that the improvements it made and intended to make

required an amendment to the certificate of occupancy. Issues of fact also exist as to whether the parties intended that the premises be used as a full scale residence, and, if not, whether the permits and approvals plaintiff sought were for improvements designed for that purpose. Concerning plaintiff's claim that it was defrauded into leasing the premises for uses that were not authorized by the certificate of occupancy, issues of fact exist as to whether defendant made a specific representation concerning permitted uses under the certificate of occupancy, and, if so, whether plaintiff's alleged reliance thereon was reasonable (*see, Jordache Enters. v Gettinger Assocs., supra*). We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.