■ EDWARD PELOSO et al., Appellants, v MONROE COLLEGE, LTD., Doing Business as MONROE COLLEGE, Respondent. [710 NYS2d 598] —In an action, *inter alia,* to recover unpaid rent, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered March 10, 1999, as granted that branch of the defendant's motion which was for summary judgment dismissing the second cause of action to recover damages pursuant to Real Property Law § 229.

Ordered that the order is reversed, insofar as appealed from, with costs, that branch of the cross motion which was for summary judgment dismissing the second cause of action is denied, and that cause of action is reinstated.

The defendant rented two storefront spaces in Mount Vernon from the plaintiffs pursuant to a written lease. Just before the expiration of the lease term, the parties agreed that the defendant could remain in the premises on a month-to-month basis, and that the tenancy could be terminated upon the giving of notice. The parties disagree as to the length of notice that was required to be given, the plaintiffs contending that 90 days was necessary, and the defendant claiming that 60 days was required.

By letter dated November 27, 1996, the defendant informed the plaintiffs that it intended to quit the premises as of January 31, 1997. The plaintiffs allege, however, that the defendant did not actually vacate the premises until April 10, 1997, when it removed various equipment and furniture it had earlier left on the premises and surrendered the keys. Further, the plaintiffs allege that the defendant did not pay rent for the months of January 1997 through April 1997. Accordingly, the plaintiffs commenced this action to recover, *inter alia,* unpaid rent. As a second cause of action, the plaintiffs alleged that they were entitled to double rent for the period of February through April of 1997 pursuant to Real Property Law § 229. After issue was joined and various disclosure conducted, the defendant moved for summary judgment dismissing the complaint, arguing that it properly terminated the month-to-month tenancy and had vacated the premises as of January 24, 1997. In the order appealed from, the Supreme Court, *inter alia,* granted the defendant's motion for summary judgment dismissing the plaintiffs' second cause of action pursuant to Real Property Law § 229. We reverse.

Real Property Law § 229 provides: "If a tenant gives notice of his intention to quit the premises held by him, and does not accordingly deliver up possession thereof, at the time specified in such notice, he or his personal representative must, so long as he continue in possession, pay to the landlord, his heirs or assigns, double the rent which he should otherwise have paid, to be recovered at the same time and in the same manner, as the single rent." Although not express in the statutory language, Real Property Law § 229 concerns only a tenancy where the term is indefinite, and the tenant has the right, and seeks by notice, to terminate the tenancy. It does not apply to a tenancy where the term is definitely fixed and the tenancy expires by its terms (*see, Regan v Fosdick,* 19 Misc 489, 491; *Lerner v Wolf,* 121 Misc 114; 1 Dolan, Rasch's Landlord and Tenant, § 10:10 [4th ed]). Here, although the defendant did at one time occupy the demised premises pursuant to a lease of fixed duration, at the time of the subject notice of intent to quit, the defendant was occupying the premises for a term of indefinite duration subject to termination by notice. Accordingly, the plaintiffs' allegations support a claim pursuant to Real Property Law § 229.

In so holding, we note that Real Property Law § 229 necessarily requires an effective termination of an indeterminate tenancy. Therefore, the plaintiff will be entitled to damages pursuant to Real Property Law § 229 only if, and to the extent that, it can prove that the defendant remained in possession of the premises after its month-to-month tenancy was effectively terminated. Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.