■ RANDI MASON, Respondent, v RODOLITZ ORGANIZATION et al., Defendants and Third-Party Plaintiffs. MELVILLE SNOW CONTRACTORS, INC., Third-Party Defendant-Appellant. [722 NYS2d 905] —In an action to recover damages for personal injuries, the third-party defendant Melville Snow Contractors, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered June 5, 2000, as granted that branch of the plaintiff's cross motion which was for leave to serve a second amended complaint adding it as a direct defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross motion which was for leave to serve a second amended complaint is denied.

After expiration of the applicable Statute of Limitations, the plaintiff moved, *inter alia*, to amend her complaint to add the third-party defendant as a direct defendant. The Supreme Court erred in granting leave to amend since the proposed cause of action is time-barred. The amended pleading would relate back to the date the third-party complaint was interposed (*see,* CPLR 203 [f]; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473), but the causes of action in the third-party complaint were not interposed prior to expiration of the Statute of Limitations (*see, Zaveta v Portelli,* 127 AD2d 760).

The plaintiff's contention regarding severance of the third-party action is not properly before us on this appeal. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.