■ EASTBROOK CARIBE, A.V.V., Appellant, v FRESH DEL MONTE PRODUCE, INC., et al., Respondents, et al., Defendants. [783 NYS2d 533]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 16, 2004, which granted defendants' motion for dismissal of the complaint; order, same court and Justice, entered March 29, 2004, which, insofar as appealed from, denied plaintiff's motion for renewal; and order, same court and Justice, entered April 28, 2004, which denied plaintiff's motion for leave to serve an amended complaint, unanimously affirmed, with costs.

Under the particular circumstances presented, the preanswer dismissal of the complaint was proper. Plaintiff had engaged in litigation in New York courts and abroad over a dispute involving, among other matters, the issue of whether defendants-respondents and related parties had correctly determined that the fair market value of shares in the subject corporation was accurately reflected by an offer of purchase made by defendant IAT, and whether that defendant had legitimately been the high bidder in an arm's length auction process. In light of that dispute, plaintiff cannot adequately allege that it reasonably relied on a representation by defendants, in ensuing settlement negotiations, as to that exact point (*see Shea v Hambros PLC*, 244 AD2d 39, 46 [1998]; *Giurdanella v Giurdanella*, 226 AD2d 342 [1996], *lv denied* 88 NY2d 810 [1996]). Nor can plaintiff sufficiently allege that defendants owed plaintiff a fiduciary duty of full disclosure during those negotiations, since any fiduciary relationship between the parties had, by the time of the negotiations, ceased, the parties having become adversaries in litigation (*see Baldasano v Bank of N.Y.*, 174 AD2d 457, 459 [1991]). Accordingly, all such claims were resolved in the global settlement entered among the parties in 1996 (*see Ficorp, Ltd. v Gourian*, 263 AD2d 392 [1999], *lv denied in part and dismissed in part* 94 NY2d 889 [2000]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.