■ PATRICIA E. BENEDICT et al., Plaintiffs/Counterclaim Defendants-Respondents, v WHITMAN BREED ABBOTT & MORGAN et al., Defendants, and RICHARD A. PIEMONTE, Defendant/Third-Party Plaintiff-Respondent. PATRICK J. CARR, as Executor of ELENE DUKE BENEDICT, Deceased, Third-Party Defendant/ Counterclaim Plaintiff-Appellant. (Appeal No. 1.) PATRICIA E. BENEDICT et al., Plaintiffs, v WHITMAN BREED ABBOTT & MORGAN et al., Defendants/Counterclaim Defendants-Respondents, and RICHARD A. PIEMONTE, Defendant/Third-Party Plaintiff, et al., Defendants. PATRICK J. CARR, as Executor of ELENA DUKE BENEDICT, Deceased, Third-Party Defendant/Counterclaim Plaintiff-Appellant. (Appeal No. 2.) PATRICIA E. BENEDICT et al., Plaintiffs, v WHITMAN BREED ABBOTT & MORGAN et al., Defendants, RICHARD A. PIEMONTE, Defendant/Third-Party Plaintiff, and PETER J. REPETTI & Co. et al., Defendants/Counterclaim Defendants-Respondents. PATRICK J. CARR, as Executor of ELENA DUKE BENEDICT, Deceased, Third-Party Defendant/ Counterclaim Plaintiff-Appellant. (Appeal No. 3.) [911 NYS2d 372]—

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the third-party defendant/ counterclaim plaintiff-appellant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 29, 2007, as granted

the motion of the plaintiffs/counterclaim defendants to dismiss the counterclaims insofar as asserted against them, (2) from an order of the same court, also entered June 29, 2007, which granted the motion of the defendants Whitman Breed Abbott & Morgan, Whitman & Ransom, the individual defendants named in their capacity as former partners of those firms, and the estate of George J. Noumair to dismiss the counterclaims insofar as asserted against them, and (3) from an order of the same court, also entered June 29, 2007, which granted the motion of Peter J. Repetti & Co., Peter J. Repetti, Jr., John R. Repetti, and Philip Tassi to dismiss the counterclaims insofar as asserted against them.

Ordered that the first order entered June 29, 2007, is affirmed insofar as appealed from; and it is further,

Ordered the second and third orders entered June 29, 2007, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action in 1997, alleging that various attorneys, advisors, and directors of certain family businesses wasted and looted the family fortune. The plaintiffs alleged, inter alia, that the defendants exerted undue influence over their mother, the family matriarch, Elena Duke Benedict (hereinafter Benedict), causing her to breach a special fiduciary duty to them in voting their shares, pursuant to a proxy, to approve certain self-dealing transactions of the advisors. Although Benedict was informed of the pendency of the action and was sent a copy of the complaint in 1999, she did not seek leave to intervene.

In March 2007, the defendant Richard A. Piemonte commenced a third-party action against Benedict. Benedict served an answer asserting counterclaims and cross claims against all parties. Thereafter, the plaintiffs moved to dismiss the counterclaims asserted against them, the defendants Whitman Breed Abbott & Morgan (hereinafter WBAM), Whitman & Ransom, and various defendant individual partners of those firms, and the defendant estate of George J. Noumair (hereinafter collectively the law firm defendants) separately moved to dismiss the counterclaims asserted against them, and the defendants Peter J. Repetti & Co., Peter J. Repetti, Jr., John R. Repetti, and Philip Tassi (hereinafter collectively the accounting firm defendants) moved to dismiss the counterclaims asserted against them, inter alia, pursuant to CPLR 3211. The Supreme Court granted the motions to dismiss, and Patrick J. Carr, as executor of Benedict's estate (hereinafter the appellant) appeals.

The Supreme Court properly granted the defendants' separate motions to dismiss the appellant's counterclaims insofar as asserted against them. In his amended answer to the third-party complaint, the appellant asserted counterclaims against the law firm defendants sounding in breach of fiduciary duty, legal malpractice, and unjust enrichment, and a shareholders' derivative claim. The appellant asserted counterclaims sounding in breach of fiduciary duty, accountant malpractice, and unjust enrichment against the accounting firm defendants. It is undisputed that Whitman & Ransom went into liquidation in 1993, WBAM did not represent any family interests after 1996, and George J. Noumair died in 2000. Further, the last contact the accounting firm defendants had with the appellant was in April 1995. Accordingly, the appellant's counterclaims against those defendants were time-barred (*see* CPLR 213 [1], [7]; 214 [4], [6]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]; *North Fork Preserve, Inc. v Kaplan*, 31 AD3d 403, 405 [2006]).

Upon dismissing the third-party complaint, the Supreme Court granted the plaintiffs' motion to dismiss the counterclaims asserted against them without prejudice to the institution of a separate action by the appellant. However, the counterclaims asserted against the plaintiffs, sounding in constructive and actual fraud and unjust enrichment were time-barred and, therefore, also should have been dismissed on that ground (*see* CPLR 213 [8]; 203 [g]; *Sargiss v Magarelli*, 12 NY3d 527, 532 [2009]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d at 139). The appellant was aware of the pendency of this action, and knew or could have discovered more than seven years prior to interposing his counterclaims that he was not a party. Further, an equitable remedy, such as the imposition of a constructive trust sought by the appellant, is not available to enforce a legal right that is itself barred by the statute of limitations (*see Galway v Metropolitan El. Ry. Co.*, 128 NY 132, 146 [1891]; *MRI Broadway Rental v United States Min. Prods. Co.*, 242 AD2d 440, 444 [1997], *affd* 92 NY2d 421 [1998]).

Contrary to the appellant's contention, the counterclaims are not saved by relation back to the plaintiffs' original 1997 complaint. The counterclaims relate back only to the interposition of the third-party complaint in March 2007 (*see* CPLR 203 [d]; *Goldberg v Sitomer, Sitomer & Porges*, 63 NY2d 831 [1984], *cert denied* 470 US 1028 [1985]; *see also Duffy v Horton Mem. Hosp.*, 66 NY2d 473 [1985]; *Mason v Rodolitz Org.*, 282 AD2d 581 [2001]; *Dormitory Auth. of State of N.Y. v Baker, Jr. of N.Y.*, 218 AD2d 515, 516 [1995]).

Finally, the parties are not equitably estopped from asserting a statute of limitations defense to the counterclaims (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 492 [2007]; *Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552 [2006]; *Zumpano v Quinn*, 6 NY3d 666, 673-674 [2006]; *General Stencils v Chiappa*, 18 NY2d 125, 128 [1966]). The appellant's contention that the parties had fiduciary duties to implead him or advise him to move to intervene is without merit. Furthermore, any reliance by him on alleged misrepresentations made by the plaintiffs that they were litigating on his behalf was not reasonable as a matter of law (*see Burrowes v Combs*, 25 AD3d 370, 372-373 [2006]). The appellant was sent a copy of the complaint, which clearly showed that he was not a party to the action and that the plaintiffs were not litigating on his behalf. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.