■ PATRICIA E. BENEDICT et al., Appellants-Respondents, v WHITMAN BREED ABBOTT & MORGAN et al., Defendants, LOUIS I. AMADUCCI, Defendant-Respondent, and RICHARD A. PIEMONTE, Defendant/Third-Party Plaintiff-Respondent. PATRICK J. CARR, as Executor of ELENA DUKE BENEDICT, Deceased, Third-Party Defendant-Respondent-Appellant. [910 NYS2d 474]—

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, (1) the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), dated December 22, 2008, which, upon a decision of the same court entered December 9, 2008, among other things, granted their motion pursuant to Business Corporation Law § 626 (d) to approve the settlement and discontinuance of a shareholder derivative claim to the extent of approving the settlement and discontinuance upon reallocating the settlement funds among the plaintiffs, and the third-party defendant cross-appeals from stated portions of the same order, and (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court (Lefkowitz, J.), entered March 26, 2009, as denied their motion, inter alia, for leave to renew their prior motion.

Ordered that on the Court's own motion, the notices of appeal and cross appeal from the decision entered December 9, 2008, are deemed premature notices of appeal and cross appeal

from the order dated December 22, 2008 (see CPLR 5520 [c]); and it is further,

Ordered that the cross appeal from the order dated December 22, 2008, is dismissed, as the third-party defendant is not aggrieved by the portion of the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the order dated December 22, 2008, is reversed insofar as appealed from, on the law and the facts, and the plaintiffs' motion pursuant to Business Corporation Law § 626 (d) to approve the settlement and discontinuance of a shareholder derivative claim is granted in its entirety, without reallocation; and it is further,

Ordered that the appeal from the order entered March 26, 2009, is dismissed as academic in light of our determination on the appeal from the order dated December 22, 2008; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the respondents and the respondent-appellant appearing separately and filing separate briefs.

In this action, which includes a shareholder derivative claim on behalf of Adron, Inc. (hereinafter Adron), as well as claims asserted by the plaintiffs in their individual capacities and as trustees and beneficiaries of certain trusts, the plaintiffs entered into a settlement agreement with the defendants Whitman Breed Abbott & Morgan, Whitman & Ransom, and various individual partners of those firms, and the estate of George J. Noumair, wherein those defendants agreed to pay the sum of $8 million in settlement of all claims asserted against them. The plaintiffs then moved pursuant to Business Corporation Law § 626 (d) for an order approving the settlement and discontinuance of the shareholder derivative claim insofar as asserted against those defendants. They submitted a proposed allocation of the settlement funds, which included the allocation of $30,000 to Adron, the reimbursement of legal fees and expenses, with the remainder to be divided among them and the beneficiaries of the trusts.

The Supreme Court found that the proposed allocation to Adron was unfair and unreasonable, and reallocated the settlement proceeds to allocate the sums of $2.4 million to Adron, $2 million to the beneficiaries of the trusts, $2 million to the beneficiaries of certain other trusts not involved in this action, and $1.6 million to the plaintiffs individually, with no provision for legal fees and expenses. The Supreme Court then approved the settlement and discontinuance of the claim.

As the plaintiffs correctly contend, the Supreme Court erred

in reallocating the settlement funds among the various plaintiffs. Pursuant to Business Corporation Law § 626 (d), settlement and discontinuance of a shareholder derivative claim requires the approval of the court. However, the court may not modify the terms of the settlement (*see State of New York v Philip Morris Inc.*, 308 AD2d 57, 65 [2003]; *see also Evans v Jeff D.*, 475 US 717, 726 [1986] ["the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed"]). The court must determine whether a proposed settlement of a shareholder derivative claim is fair and reasonable to the corporation and its shareholders, then "either approve or disapprove the settlement" (*Klurfeld v Equity Enters.*, 79 AD2d 124, 126 [1981]). " '[T]he only question . . . is whether the settlement, taken as a whole, is so unfair on its face as to preclude judicial approval' " (*Zerkle v Cleveland-Cliffs Iron Co.*, 52 FRD 151, 159 [SD NY 1971], quoting *Glicken v Bradford*, 35 FRD 144, 151 [SD NY 1964]; *see Mathes v Roberts*, 85 FRD 710, 713 [SD NY 1980]; *Trainor v Berner*, 334 F Supp 1143, 1149 [1971]).

Here, inasmuch as the proposed $30,000 settlement for the shareholder derivative claim was fair and reasonable, the Supreme Court should have granted the plaintiffs' motion in its entirety, without reallocating the settlement funds among the various plaintiffs. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.