■ PATRICK J. CARR, as Executor of ELENA DUKE BENEDICT, Deceased, Appellant, v VERNA B. NEILSON et al., Respondents. [909 NYS2d 387]—

In an action, inter alia, to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered June 11, 2008, which granted the defendants' separate motions to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On or about October 15, 2007, the plaintiff's decedent (hereinafter the plaintiff) commenced this action alleging that the defendants fraudulently, and in violation of fiduciary duties, excluded her from an action they brought against certain attorneys, advisors, and directors of family businesses (see Benedict v Whitman Breed Abbott & Morgan, 77 AD3d 867 [2010] [decided herewith] [hereinafter the main action]). The plaintiff sought to recover compensatory and punitive damages, and to impose a constructive trust for her benefit on proceeds of any settlements in the main action. The Supreme Court granted the defendants' separate motions to dismiss the complaint. We affirm.

As with the similar counterclaims which the plaintiff interposed in the main action, the complaint here is time-barred (id.). In any event, the complaint failed to state a cause of action to recover damages for fraud or breach of fiduciary duty. Any reliance by the plaintiff upon alleged misrepresentations made by the defendants that they were litigating on her behalf was not reasonable as a matter of law. It was a matter of public record, as well as readily ascertainable by reference to the complaint sent to the plaintiff and her attorney, who the parties to the main action were (see Bennett v Citicorp Mtge., Inc., 8 AD3d 1050 [2004]; Jordache Enters. v Gettinger Assoc., 176 AD2d 616 [1991]). Further, the plaintiff failed to plead facts demonstrating the existence of a fiduciary relationship running

from the defendants to herself at the relevant times. Even assuming that the defendants had fiduciary duties to the plaintiff at some point, a fiduciary relationship ceases when parties become adversaries in litigation (*see Eastbrook Caribe, A.V.V. v Fresh Del Monte Produce, Inc.*, 11 AD3d 296, 297 [2004]; *see also 6D Farm Corp. v Carr*, 63 AD3d 903 [2009]; *Benedict v Browne*, 289 AD2d 433 [2001]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.