■ PATRICIA E. BENEDICT et al., Appellants, et al., Plaintiff, v WHITMAN BREED ABBOTT & MORGAN et al., Defendants, Estate of LOUIS J. AMADUCCI, Deceased, et al., Respondents, and TIMOTHY PIEMONTE, as Administrator ad Prosequendum of the Estate of RICHARD A. PIEMONTE, Deceased, Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. [973 NYS2d 341]—

In an action, inter alia, to recover damages for inducement of a breach of fiduciary duty, the plaintiffs Patricia E. Benedict and Verna B. Neilson appeal from (1) a judgment of the Supreme Court, Westchester County (Donovan, J.), dated December 31, 2008, which, after a nonjury trial, is in favor of the defendant Richard A. Piemonte and against them dismissing the complaint insofar as asserted against him, and (2) a judgment of the same court dated January 28, 2009, which, after a nonjury trial, is in favor of the defendants Estate of Louis J. Amaducci and Robert L. Amaducci and against them dismissing the complaint insofar as asserted against those parties.

Ordered that the judgments are affirmed, with one bill of costs.

The late Elena Duke Benedict was the matriarch and controlling shareholder of family corporations Duke & Benedict (hereinafter D&B) and Adron, Inc. (hereinafter Adron). The plaintiffs Patricia E. Benedict and Verna B. Neilson (hereinafter together the appellants) are two of Elena Duke Benedict's six daughters, and are trustees and beneficiaries of certain trusts (hereinafter the 1976 trusts) and shareholders of D&B and Adron. The 1976 trusts are also shareholders of D&B. Pursuant to irrevocable proxies, Elena Duke Benedict voted the shares of D&B held by the appellants and the 1976 trusts.

In 1997, the appellants commenced this action against certain lawyers, accountants, and financial advisors of Elena Duke Benedict, officers and directors of D&B and Adron, and the trustees

of the 1976 trusts, alleging that various breaches of fiduciary duty resulted in the financial demise of D&B and Adron and the massive depletion of the assets of the 1976 trusts and a certain annuity.

Most of the defendants settled (*see Benedict v Whitman Breed Abbott & Morgan*, 77 AD3d 870 [2010]; *Benedict v Whitman Breed Abbott & Morgan*, 77 AD3d 872 [2010]; *Benedict v Whitman Breed Abbott & Morgan*, 77 AD3d 867 [2010]; *see also Carr v Neilson*, 77 AD3d 877 [2010]; *Benedict v Whitman Breed Abbott & Morgan*, 282 AD2d 416 [2001]). The 1976 trusts also settled, in the Surrogate's Court, an accounting proceeding with the cotrustees. The Supreme Court conducted a nonjury trial on the claims against the remaining defendants—Richard Piemonte, the Estate of Louis J. Amaducci, and Robert L. Amaducci (hereinafter collectively the respondents). It is that trial which is at issue on these appeals.

Richard Piemonte was the chief operating officer and a director of D&B, the chief financial officer and a director of Adron, and one of Elena Duke Benedict's closest advisors. The late Louis J. Amaducci was Elena Duke Benedict's brother, a trustee of the 1976 trusts, and a director of both D&B and Adron. Robert L. Amaducci is Louis J. Amaducci's son, and is executive vice president of Adron and a director of both Adron and D&B. The respondents are also all partners in Quad Associates, a Delaware partnership formed in 1986 to enable a small group of Elena Duke Benedict's advisors to participate in certain real estate ventures undertaken by D&B.

After trial, the Supreme Court determined that the appellants failed to meet their burden of proving any of their causes of action against the respondents. Accordingly, the court entered judgments dismissing the complaint insofar as asserted against the respondents.

In reviewing factual findings made after a nonjury trial, this Court's authority is as broad as that of the trial court. "[This Court] may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses'" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133 [1930]; *see Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933 [2009]). Upon our independent review of the facts, we agree with the trial court that the appellants failed to prove any of their causes of action against the respondents. Where damages were shown, liability failed; where liability could be shown, damages failed.

The first cause of action sought to recover damages against the respondents for inducing or participating in Elena Duke Benedict's alleged breach of her special fiduciary duty to the appellants as holder of irrevocable proxies to vote their shares of D&B. Under Delaware law, which applies to this claim, a plaintiff seeking to recover damages for aiding and abetting of a breach of fiduciary duty must establish: (1) the existence of a fiduciary relationship, (2) that the fiduciary breached its duty, (3) that the defendant knowingly participated in the breach, and (4) damages (see *Nebenzahl v Miller*, 1996 WL 494913, 1996 Del Ch LEXIS 113 [1996]). "A court can infer a non-fiduciary's knowing participation only if a fiduciary breaches its duty in an inherently wrongful manner" (1996 WL 494913, *7, 1996 Del Ch LEXIS 113, *20 [1996]).

Contrary to the appellants' contention, the evidence did not establish that Elena Duke Benedict breached her special fiduciary duty to them in voting their shares of D&B by approving the challenged transactions related to D&B's real estate joint ventures, or in agreeing to the formation of and participation by Quad in certain ventures. There was nothing inherently wrongful about Quad's participation in certain ventures (see 8 Del C § 144). Further, Elena Duke Benedict's votes of the proxies could not have been determinative of corporate action.

Moreover, the appellants failed to prove that either Louis J. Amaducci or Robert L. Amaducci induced Elena Duke Benedict to take any action at any time. Finally, the appellants failed to adequately establish or allocate damages.

With respect to the second cause of action alleging that Richard Piemonte induced or participated in a breach of fiduciary duty by the trustees of the 1976 trusts, the appellants were required to prove that Richard Piemonte rendered "substantial assistance" to those trustees with actual knowledge that he was participating in a breach of fiduciary duties by the trustees, and damages caused thereby (*Velazquez v Decaudin*, 49 AD3d 712, 716 [2008]; see *Wechsler v Bowman*, 285 NY 284, 291 [1941]; *Caprer v Nussbaum*, 36 AD3d 176, 193 [2006]; *Marcus v Marcus*, 92 AD2d 887 [1983]; *Pace v Perk*, 81 AD2d 444, 455 [1981]). The appellants failed to do so. The challenged transactions were ratified by the appellants, involved trusts other than those which were for their benefit (see *Naversen v Gaillard*, 38 AD3d 509 [2007]), were properly engaged in for the benefit of beneficiaries, or were unaccompanied by proven damages.

The third, fourth, fifth, and sixth causes of action include derivative claims for breach of fiduciary duty and claims by the

appellants individually for a judicial accounting. To obtain an accounting, a plaintiff must show that there was some wrongdoing on the part of a defendant with respect to the fiduciary relationship (*see* 1 NY Jur 2d Accounts and Accounting § 43). The appellants failed to prove any wrongdoing by the respondents as officers and directors of Adron. Therefore, their derivative cause of action was properly dismissed and there was no basis to direct an equitable accounting or to remove Robert L. Amaducci as officer and director of Adron (*see* Business Corporation Law §§ 706 [d]; 716 [c]).

With respect to the ninth cause of action against Richard Piemonte, the appellants failed to prove that they sustained any damages as a result of Richard Piemonte's alleged breach of fiduciary duty as agent of the annuity fund.

The appellants' evidentiary challenges either are without merit or do not require reversal since the appellants were not prejudiced by the alleged errors.

Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the respondents. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.