Atlasman v Korol (2025 NY Slip Op 02898)

Atlasman v Korol

2025 NY Slip Op 02898

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-05813
 (Index No. 531000/21)

[*1]Victor Atlasman, et al., respondents,
v
Larisa Korol, appellant.

Mirel Fisch, Brooklyn, NY, for appellant.
Law Office of Thomas V. Purpi, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 13, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second, third, and fifth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2008, the defendant began leasing a residential apartment in certain property owned by the plaintiffs in Brooklyn. In 2020, the plaintiffs and two nonparty buyers entered into a contract of sale for the property. Pursuant to the contract of sale, the plaintiffs agreed, inter alia, to deliver the property free of any tenancies.
The plaintiffs commenced this action against the defendant to recover damages after the defendant failed to vacate the apartment, among other things. The first cause of action alleged that the defendant breached an agreement by not vacating the apartment. The second cause of action alleged that the defendant made misrepresentations that the plaintiffs relied upon, delaying the sale of the property and a subsequent holdover proceeding that the plaintiffs commenced against the defendant. The third cause of action alleged that the defendant committed negligent misrepresentation. The fourth cause of action alleged that the defendant owed the plaintiffs double rent pursuant to Real Property Law § 229. The fifth cause of action alleged that the defendant tortiously interfered with the contract of sale for the property. Prior to interposing an answer, the defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated April 13, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Arco Acquisitions, LLC v Tiffany Plaza, LLC, 224 AD3d 798, 799 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856; see Piccoli v Cerra, Inc., 174 AD3d [*2]754, 756). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, qualify as documentary evidence in proper cases; however, affidavits and letters are not considered documentary evidence" (Hartnagel v FTW Contr., 147 AD3d 819, 820 [internal quotation marks omitted]; see MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806; Anderson v Armentano, 139 AD3d 769, 771).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 648 [internal quotation marks omitted]; see Paden v Brooklyn Museum of Arts, 226 AD3d 920). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (id. at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (id. at 1182 [internal quotation marks omitted]). "Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (id. [internal quotation marks omitted]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action. "The essential elements of a cause of action to recover damages for breach of contract are the existence of an enforceable contract, the plaintiff's performance pursuant to that contract, the defendant's breach of the contract, and damages resulting from that breach" (Angeli v Barket, 211 AD3d 896, 898 [internal quotation marks omitted]; see Franklin D. Nastasi Trust v Bloomberg, L.P., 224 AD3d 804, 807). Here, the complaint alleged that the parties entered into an oral agreement on November 1, 2020, pursuant to which the defendant agreed to vacate the apartment on or before December 31, 2020, in exchange for promised consideration from the plaintiffs, and further alleged that the defendant failed to vacate by the date promised, causing the plaintiffs to be unable to timely close on the sale of the property. Affording the allegations in the complaint their most favorable intendment, the complaint sufficiently states a cause of action for breach of contract (see Pare v Aalbue, 222 AD3d 769, 773; Ripa v Petrosyants, 203 AD3d 768, 770). Moreover, the evidence submitted by the defendant in support of her motion either did not constitute documentary evidence within the intendment of CPLR 3211(a)(1), or failed to utterly refute the plaintiffs' allegations or conclusively establish a defense as a matter of law (see Shah v Mitra, 171 AD3d 971, 973; Eisner v Cusumano Constr., Inc., 132 AD3d 940, 942). Furthermore, the evidentiary material submitted by the defendant failed to establish that the plaintiffs did not have a cause of action upon which relief may be granted, or that a material fact claimed by the plaintiffs is not a fact at all and no significant dispute exists regarding it (see B & B Maintenance Servs., Inc. v Town of Oyster Bay, 228 AD3d 808, 809; Ming Long Liu v Kirkwood, 222 AD3d 861, 862-863).
However, the Supreme Court erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action. "In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; see New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 801). To state a cause of action based upon misrepresentation or fraud, "the circumstances constituting the wrong" must be "stated in detail" (CPLR 3016[b]; see Trump Vil. Section 4, Inc., v Vilensky, 202 AD3d 865, 866). A cause of action to recover damages for fraud cannot be sustained where "the alleged misrepresentations amounted only to a misrepresentation of the intent or ability to perform under [a] contract" (Gorman v Fowkes, [*3]97 AD3d 726, 727; see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807-808).
Here, to the extent that the second cause of action is predicated upon the defendant's intent not to honor the parties' agreement that she would vacate the apartment by December 31, 2020, the claim arises from an alleged breach of contract, and fails to state a cause of action alleging fraud (see Michael Davis Construction, Inc. v 129 Parsonage Lane, LLC, 194 AD3d at 807-808; Gorman v Fowkes, 97 AD3d at 727). To the extent that this cause of action is predicated upon subsequent alleged misrepresentations made by the defendant, including promises made by the defendant on unspecified dates, which she allegedly did not intend to keep, and statements made in a COVID-19 hardship declaration form after the plaintiffs had already commenced the holdover proceeding, the claim is not stated with the requisite particularity to state a cause of action alleging fraud (see CPLR 3016[b]; Browne v Lyft, Inc., 219 AD3d 445, 447-448; Levy v Levy, 215 AD3d 742, 744).
The Supreme Court also erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, which alleged that the defendant made negligent misrepresentations in completing her COVID-19 hardship declaration form on May 10, 2021. "To recover on a theory of negligent misrepresentation, a plaintiff must establish that the defendant had a duty to use reasonable care to impart correct information because of some special relationship between the parties, that the information was incorrect or false, and that the plaintiff reasonably relied upon the information provided" (Grammer v Turits, 271 AD2d 644, 645; see Rosner v Bankers Std. Ins. Co., 172 AD3d 1257, 1260). Generally, "[a] special relationship does not arise out of an ordinary arm's length business transaction between two parties" (Neurological Surgery, P.C. v MLMIC Ins. Co., 208 AD3d 1238, 1240 [internal quotation marks omitted]). "[A] plaintiff in an action for negligent misrepresentation must show either privity of contract between the plaintiff and the defendant or a relationship 'so close as to approach that of privity'" (Sykes v RFD Third Ave. 1 Assoc., LLC, 15 NY3d 370, 372, quoting Ultramares Corp. v Touche, 255 NY 170, 182-183; see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 382).
Here, the facts alleged in the complaint do not support a reasonable inference that the parties were in a relationship of privity or near-privity when the defendant made her alleged negligent misrepresentations, which occurred approximately four months after her alleged breach of contract and two weeks after the plaintiffs had commenced the holdover proceeding against her (see New WTC Retail Owner LLC v Pachanga, Inc., 160 AD3d 584, 585; Yanas v Albany Med. Ctr. Hosp., 294 AD2d 769, 770; see generally Carr v Neilson, 77 AD3d 877, 878). Moreover, the cause of action alleging negligent misrepresentation was not pleaded with the requisite particularity (see CPLR 3016[b]; Paraco Gas Corp. v Jay Z. Gerlitz & Assoc., Inc., 225 AD3d 615, 618; Pentagon Fed. Credit Union v Popovic, 217 AD3d 480, 482).
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action. Affording the allegations in the complaint their most favorable intendment, the complaint sufficiently alleged that the defendant was liable pursuant to Real Property Law § 229 (see Peloso v Monroe Coll., 274 AD2d 461, 462; cf. Lerner v Wolf, 121 Misc 114, 116). Moreover, the defendant's evidence does not utterly refute the plaintiffs' factual allegations or conclusively establish a defense as a matter of law (see Leon v Martinez, 84 NY2d at 88; Arco Acquisitions, LLC v Tiffany Plaza, LLC, 224 AD3d at 799), nor does it conclusively establish that the material facts as claimed by the plaintiffs are not facts at all (see Guggenheimer v Ginzburg, 43 NY2d at 275; Sokol v Leader, 74 AD3d at 1182).
The Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action, which alleged tortious interference with contract, as that cause of action is not sufficiently pleaded (see Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624). We note that the plaintiffs have expressly abandoned this cause of action on appeal.
In light of the foregoing, the defendant's remaining contentions have been rendered academic.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court