DOROTHY PARRINELLO, Respondent, v WALT WHITMAN MALL, LLC, et al., Defendants, and AMERICAN CHRISTMAS, INC., Appellant. [30 NYS3d 692]—

In an action to recover damages for personal injuries, the defendant American Christmas, Inc., appeals from an order of the Supreme Court, Suffolk County (Rouse, J.), dated February 19, 2015, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant American Christmas, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff commenced this action against, among others,

the defendants American Christmas, Inc. (hereinafter American Christmas), a holiday display corporation, and Walt Whitman Mall, LLC (hereinafter the Mall Owner), the owner of the Walt Whitman Mall in Huntington, Suffolk County, to recover damages for injuries the plaintiff alleged she sustained on November 15, 2011, when she tripped and fell over an extension cord that was taped to the floor as she was walking through the Walt Whitman Mall. According to the deposition testimony of the sales director of American Christmas, the company is a commercial holiday decoration company in the business of installing, refurbishing, and removing Christmas displays. In October 2011, American Christmas entered into three contracts with the Mall Owner to install, refurbish, and remove a Christmas display at the Walt Whitman Mall.

Two of the contracts began in October 2011 and terminated as of November 1, 2011, and required American Christmas to install the holiday display by November 1, 2011. According to its sales director, when American Christmas installed the holiday display on or around October 30, 2011, American Christmas employees had taped extension cords for the display to the floor of the Walt Whitman Mall. Stanchions connected by straps were then placed over the cords to block off the area from pedestrian traffic and to prevent people from passing over the cords. The two contracts expressly provided that, after installation was complete, American Christmas was not responsible for maintaining the area or the displays. According to the sales director, installation was completed on or about November 1, 2011.

The third contract between American Christmas and the Mall Owner commenced on December 26, 2011, and ended on January 2, 2012, and required American Christmas to remove the holiday display during the dates of that contract.

The plaintiff alleged that, on November 15, 2011, she was walking in the Walt Whitman Mall with her daughter and tripped over an extension cord taped to the floor. Both the plaintiff and her daughter testified at their depositions that they did not see any stanchions blocking the extension cord.

American Christmas moved for summary judgment dismissing the complaint insofar as asserted against it on the basis that it owed no duty of care to the plaintiff, who was not a party to the holiday display contracts between American Christmas and the Mall Owner. The Supreme Court denied the motion, and American Christmas appeals. We reverse.

A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (*see Espinal v*

*Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]). However, there are three exceptions to that general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm[,] (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [internal quotation marks and citation omitted]; *see Bryan v CLK-HP 225 Rabro, LLC*, 136 AD3d 955 [2016]).

Here, American Christmas demonstrated its prima facie entitlement to judgment as a matter of law by offering proof that the plaintiff was not a party to its holiday display contracts with the Mall Owner, and that it thus owed no duty of care to the plaintiff. American Christmas also established, prima facie, that the one *Espinal* exception alleged by the plaintiff that would give rise to a duty of care does not apply in this case (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142).

The deposition testimony of the sales director of American Christmas established, prima facie, that American Christmas did not install the holiday display in a negligent manner, and thus did not launch "a force or instrument of harm" (*id.* at 140 [internal quotation marks omitted]). The sales director testified that, on the same day that installation of the holiday display was completed, he inspected the extension cords that were taped to the floor to ensure that the edges were flat. The sales director further testified that American Christmas placed stanchions connected by removable straps over the extension cords to guard against people passing over the cords. He testified that, once the installation was completed in this manner, American Christmas employees did not remain at the mall or maintain the display in any way, nor did they have an obligation to do so. The obligations of American Christmas pursuant to the installation and refurbishment contracts terminated on November 1, 2011, two weeks prior to the plaintiff's accident, which occurred approximately two months before the third contract term was scheduled to commence.

Inasmuch as the plaintiff did not allege facts that would establish the possible applicability of the second or third exception, American Christmas was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter

of law (see *Bryan v CLK-HP 225 Rabro, LLC*, 136 AD3d 955 [2016]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214).

In opposition to American Christmas's motion for summary judgment, the plaintiff failed to raise a triable issue of fact. Although the plaintiff presented evidence that the stanchions were not covering the extension cord on the day of her fall, she failed to rebut American Christmas's prima facie showing that it properly placed the stanchions over the cord two weeks prior to her fall and that it had no control over the premises or presence at the Walt Whitman Mall thereafter. Thus, the plaintiff failed to raise a triable issue of fact as to the first *Espinal* exception.

The plaintiff also failed to raise a triable issue of fact as to the applicability of the second or third *Espinal* exception (see *Bryan v CLK-HP 225 Rabro, LLC*, 136 AD3d 955 [2016]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214-215).

The plaintiff's remaining contention is not properly before this Court, as it is raised for the first time on appeal.

Accordingly, the Supreme Court should have granted American Christmas's motion for summary judgment dismissing the complaint insofar as asserted against it. Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.