Espeleta v Synergy Resources, Inc. (2019 NY Slip Op 04138)





Espeleta v Synergy Resources, Inc.


2019 NY Slip Op 04138


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-03205
 (Index No. 605280/15)

[*1]Gladys Espeleta, respondent,
v
Synergy Resources, Inc., appellant.


Stewart H. Friedman, Garden City, NY (Robert F. Horvat of counsel), for appellant.
Raphaelson & Levine Law Firm, P.C., New York, NY (Steven C. November of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered February 15, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff alleged that on March 5, 2014, while attending a work training program at the premises of her employer, her ankle became entangled in extension cord wires, which caused her to fall. Thereafter, the plaintiff commenced this personal injury action against the defendant, the company running the training program. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, there are three exceptions to that general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations omitted]).
Here, the defendant made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that the plaintiff was not a party to its agreement with the plaintiff's employer, and thus, that it owed no duty of care to the plaintiff (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 213). The defendant also established, prima facie, that the one Espinal exception alleged by the plaintiff in her pleadings—that the defendant launched a force or instrument of harm—does not apply in this case (see Parrinello v Walt Whitman Mall, LLC, 139 AD3d 685, 687; Wheaton v East End Commons Assoc., LLC, 50 AD3d 675). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. The Supreme Court's determination that a triable issue of fact existed as to whether the defendant negligently failed to correct the alleged tripping hazard amounts to a finding that the defendant may have merely [*2]failed to become "an instrument for good," which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party (Church v Callanan Indus., 99 NY2d 104, 112 [internal quotation marks omitted]; see Braverman v Bendiner & Schlesinger, Inc., 121 AD3d 353; Altinma v East 72nd Garage Corp., 54 AD3d 978, 980). Accordingly, the court should have granted the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court