Coakley v Regal Cinemas, Inc. (2020 NY Slip Op 06490)





Coakley v Regal Cinemas, Inc.


2020 NY Slip Op 06490


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-13362
2017-04149
 (Index No. 3024/13)

[*1]Pamela Coakley, plaintiff-appellant, 
v
Regal Cinemas, Inc., et al., defendants, Serengeti Enterprises, Inc., respondent, Seating Concepts, defendant-appellant (and a third-party action). (Appeal No. 1.)
Pamela Coakley, plaintiff-respondent,
v
Regal Cinemas, Inc., defendant third-party plaintiff-respondent, Seating Concepts, defendant third-party defendant- appellant, et al., defendants. (Appeal No. 2.)


Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for defendant-appellant in Appeal No. 1 and defendant third-party defendant-appellant in Appeal No. 2.
Shaevitz, Shaevitz & Kotzamanis, Jamaica, NY (Steven Barbera of counsel), for plaintiff-appellant in Appeal No. 1 and plaintiff-respondent in Appeal No. 2.
Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell and David Bloom of counsel), for respondent in Appeal No. 1.
Martyn, Toher & Martyn, Mineola, NY (Thomas M. Martyn of counsel), for defendant third-party plaintiff-respondent in Appeal No. 2 and defendants Regal Entertainment Group and Regal Cinemas Atlas Park Stadium 8.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, (1) the plaintiff and the defendant third-party defendant separately appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 4, 2016, and (2) the defendant third-party defendant appeals from an order of the same court entered December 14, 2016. The order entered November 4, 2016, granted the motion of the defendant Serengeti Enterprises, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The order entered December 14, 2016, insofar as appealed from, denied those branches of the motion of the defendant third-party defendant which were for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it, the causes of action alleging strict products liability and breach of warranty, and the third-party causes of action alleging strict products liability and breach of warranty.
ORDERED that the order entered November 4, 2016, is affirmed; and it is further,
ORDERED that the order entered December 14, 2016, is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant third-party defendant which were for summary judgment dismissing so much of the cause of action alleging negligence as was based on the doctrine of res ipsa loquitur insofar as asserted against it, the cause of action alleging breach of warranty, and the third-party cause of action alleging breach of warranty, and substituting therefor provisions granting those branches of the motion; as so modified, the order entered December 14, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Serengeti Enterprises, Inc., payable by the plaintiff.
The plaintiff allegedly sustained injuries while attending a movie at the Atlas Park Stadium 8 movie theater in Queens. The plaintiff alleged that she was injured when the seat of her chair collapsed after she had been sitting in it for approximately 30 minutes. Prior to the accident, the plaintiff did not notice anything wrong with the chair.
The plaintiff commenced an action against the defendants Regal Cinemas, Inc., Regal Entertainment Group, and Regal Cinemas Atlas Park Stadium 8, the owners and operators of the movie theater. The plaintiff commenced a separate action against, among others, the defendant Serengeti Enterprises, Inc. (hereinafter Serengeti), the installer of the chairs at the theater, and the defendant Seating Concepts, the manufacturer and distributor of the chairs. The two actions were subsequently consolidated, and Regal Cinemas, Inc. (hereinafter Regal Cinemas), commenced a third-party action against Seating Concepts.
Serengeti moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, among other things, that it did not owe the plaintiff a duty of care. In an order entered November 4, 2016, the Supreme Court granted Serengeti's motion. The plaintiff and Seating Concepts separately appeal from this order.
Seating Concepts moved for summary judgment dismissing the complaint insofar as asserted against it and the third-party complaint. As relevant here, in an order entered December 14, 2016, the Supreme Court denied those branches of Seating Concepts' motion which were for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it, the causes of action alleging strict products liability and breach of warranty, and the third-party causes of action alleging strict products liability and breach of warranty. Seating Concepts appeals from this order.
A "contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "However, the Court of Appeals has recognized three exceptions to the general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Pinto v Walt Whitman Mall, LLC, 175 AD3d 541, 543 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., 98 NY2d at 140). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Barone v Nickerson, 140 AD3d 1100, 1101 [internal quotation marks omitted]).
Here, Serengeti established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it by demonstrating that it did not owe a duty of care to the plaintiff (see Pinto v Walt Whitman Mall, LLC, 175 AD3d 541; Parrinello v Walt Whitman Mall, LLC, 139 AD3d 685, 687). Serengeti also demonstrated, prima facie, that it did not "launch a force or instrument of harm" by negligently installing the subject chair [*2]and that the other exceptions identified in Espinal were inapplicable to this case in light of the pleadings (Parrinello v Walt Whitman Mall, LLC, 139 AD3d at 687 [internal quotation marks omitted]). In opposition, the plaintiff and Seating Concepts failed to raise a triable issue of fact (see Pinto v Walt Whitman Mall, LLC, 175 AD3d 541; Barone v Nickerson, 140 AD3d at 1102; Parrinello v Walt Whitman Mall, LLC, 139 AD3d at 688). Accordingly, we agree with the Supreme Court's determination to grant Serengeti's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
"To establish a prima facie case of negligence under the doctrine of res ipsa loquitur, a plaintiff must establish that (1) the event is of a kind that ordinarily does not occur absent negligence; (2) the event was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the plaintiff did not voluntarily create or contribute to the event" (Dilligard v City of New York, 170 AD3d 955, 956; see James v Wormuth, 21 NY3d 540, 546). "The doctrine allows the finder of fact to infer that the defendant was negligent, but does not require that it do so" (Dilligard v City of New York, 170 AD3d at 956; see Morejon v Rais Constr. Co., 7 NY3d 203, 209; Marinaro v Reynolds, 152 AD3d 659, 661). Here, Seating Concepts established, prima facie, that it did not have exclusive control of the allegedly defective chair (see Ebanks v New York City Tr. Auth., 70 NY2d 621, 623; Brennan v Wappingers Cent. Sch. Dist., 164 AD3d 640, 641-642; Lococo v Mater Cristi Catholic High Sch., 142 AD3d 590, 591; see also El Newisky v United Artists Kaufman Astoria 14 Regal Cinemas, 165 AD3d 886, 887). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Seating Concepts' motion which was for summary judgment dismissing so much of the cause of action alleging negligence as was based on the doctrine of res ipsa loquitur insofar as asserted against it.
"A cause of action alleging breach of warranty is governed by a four-year statute of limitations" (Schwatka v Super Millwork, Inc., 106 AD3d 897, 898-899; see Weiss v Polymer Plastics Corp., 21 AD3d 1095, 1097-1098). "Generally, a breach of warranty action accrues 'when tender of delivery is made'" (Schwatka v Super Millwork, Inc., 106 AD3d at 899, quoting UCC 2-725[2]). "As an exception to this general rule, the UCC provides that 'where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance,' then 'the cause of action accrues when the breach is or should have been discovered'" (Schwatka v Super Millwork, Inc., 106 AD3d at 899, quoting UCC 2-725[2]). "A warranty of future performance is one that guarantees that the product will work for a specified period of time" (Schwatka v Super Millwork, Inc., 106 AD3d at 899 [internal quotation marks omitted]). "However, [w]arranties to repair or replace [a] product in the event that it fails to perform, without any promise of performance, do not constitute warranties of future performance" (id. [internal quotation marks omitted]).
Here, the subject warranty did not guarantee that the chairs would be free from defects for any specified period of time; rather, it guaranteed that if any defect in materials or workmanship occurred within five years, then the product would be replaced. Accordingly, the express warranty did not extend to future performance, and the cause of action and the third-party cause of action alleging breach of warranty accrued in 2006, when the chairs were delivered (see id.; see also UCC 2-725). Inasmuch as the plaintiff did not commence the action against Seating Concepts until February 2013, and Regal Cinemas did not commence the third-party action against Seating Concepts until March 2015, both more than four years after the accrual date, Seating Concepts demonstrated, prima facie, that it was entitled to summary judgment dismissing the cause of action and the third-party cause of action alleging breach of warranty on the ground that they were time-barred (see Weiss v Polymer Plastics Corp., 21 AD3d at 1097-1098). In opposition, the plaintiff and Regal Cinemas failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of Seating Concepts' motion which were for summary judgment dismissing the cause of action and the third-party cause of action alleging breach of warranty.
"A cause of action in strict products liability lies where a manufacturer places on the market a product which has a defect that causes injury" (Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 478). A "defect in a product may consist of one of three elements: mistake in manufacturing, improper design, or by the inadequacy or absence of warnings for the use [*3]of the product" (id. at 478-479 [citations omitted]; see Mendez-Canales v Agnelli Macchine S.R.L., 165 AD3d 646, 647). Here, Seating Concepts established its prima facie entitlement to summary judgment dismissing the cause of action and the third-party cause of action alleging strict products liability. However, in opposition, the plaintiff and Regal Cinemas raised a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to deny those branches of Seating Concepts' motion which were for summary judgment dismissing the cause of action and the third-party cause of action alleging strict products liability.
Seating Concepts' remaining contention is without merit.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court