Pratt Paper (NY), Inc. v Atlanta Gear Works, Inc. (2026 NY Slip Op 00917)

Pratt Paper (NY), Inc. v Atlanta Gear Works, Inc.

2026 NY Slip Op 00917

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-10132
 (Index No. 152656/19)

[*1]Pratt Paper (NY), Inc., respondent,
vAtlanta Gear Works, Inc., appellant.

Vahey Law Offices, PLLC, Rochester, NY (Laurie A. Vahey, Sean E. Gleason, and Patrick Leavy of counsel), for appellant.
Finazzo Cossolini O'Leary Meola & Hager, LLC, New York, NY (Robert B. Meola, Matthew L. Bodi, and Robert Wolf of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated August 16, 2023. The order, insofar as appealed from, denied the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross-motion for summary judgment dismissing the complaint is granted.
In November 2019, the plaintiff commenced this action against the defendant alleging breach of contract, breach of warranty, and negligence. The defendant interposed an answer asserting various affirmative defenses, including that the action was barred by the applicable statute of limitations. A representative for the defendant testified at his deposition that the plaintiff and the defendant had entered into an agreement for the defendant to rebuild a gearbox that the plaintiff used in its paper mill. Additionally, the defendant produced evidence during discovery that the agreement included a limited express warranty, inter alia, limiting the defendant's liability to products manufactured by it for a period of 12 months. At their depositions, representatives of both parties testified that the defendant completed the contracted work on the gearbox in July 2011, and thereafter tendered delivery to the plaintiff. The representatives also testified that the gearbox was stored at the plaintiff's paper mill until November 2016, when the plaintiff noticed that a lubrication nozzle had not been installed in the gearbox. A machinist for the defendant testified at his deposition that, in January 2017, he was sent to install the nozzle. The plaintiff's engineering and maintenance engineer testified at his deposition that the gearbox was subsequently put into service in April 2017, and then failed approximately one year later as a result of the breakdown of 12 bolts.
In February 2023, the plaintiff moved pursuant to CPLR 3211(b) to dismiss the affirmative defense of statute of limitations and the defendant subsequently cross-moved for summary judgment dismissing the complaint. In an order dated August 16, 2023, the Supreme Court, inter alia, denied the defendant's cross-motion. The defendant appeals.
The Supreme Court should have granted that branch of the defendant's cross-motion [*2]which was for summary judgment dismissing the cause of action alleging breach of contract. The statute of limitations for a cause of action alleging breach of contract is six years (see CPLR 213[2]). "'[A] breach of contract cause of action accrues at the time of the breach'" (Filasky v Andover Cos., 230 AD3d 1297, 1300, quoting Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402; see Kefalas v Pappas, 226 AD3d 757, 761). Here, the defendant demonstrated that the cause of action alleging breach of contract accrued on July 11, 2011, when the work on the gearbox was completed. Contrary to the plaintiff's contention, the statute of limitations was not revived upon the installation of the lubrication nozzle in January 2017 (see Cabrini Med. Ctr. v Desina, 64 NY2d 1059, 1061). Thus, the defendant established that the plaintiff failed to commence this action within the six-year limitations period (see CPLR 213[2]; St. Hillaire v Torres, 229 AD3d 476, 477; Sears, Roebuck & Co. v Patchogue Assoc., LLC, 87 AD3d 629, 630). In opposition, the plaintiff failed to raise a triable issue of fact.
A cause of action alleging breach of warranty is governed by a statute of limitations of four years (see UCC 2-725[1]). "'Generally, a breach of warranty action accrues when tender of delivery is made'" (Coakley v Regal Cinemas, Inc., 188 AD3d 796, 799 [internal quotation marks omitted], quoting Schwatka v Super Millwork, Inc., 106 AD3d 897, 899). Here, the defendant established that the cause of action alleging breach of warranty accrued in July 2011 when it tendered delivery of the gearbox, and the plaintiff commenced this action more than four years after that date (see UCC 2-725). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging breach of warranty.
Moreover, the Supreme Court should have granted that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging negligence as duplicative of the cause of action alleging breach of contract. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated," and where a "plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory" (IKB Intl., S.A. v Wells Fargo Bank, N.A., 40 NY3d 277, 290 [internal quotation marks omitted]; see Meserole Hub, LLC v Rosenzweig, 234 AD3d 751, 751). In determining whether a tort claim lies, courts evaluate "the nature of the injury, how the injury occurred and the harm it caused" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711; see Meserole Hub, LLC v Rosenzweig, 234 AD3d at 751).
Here, the complaint did not allege facts that would give rise to a duty owed to the plaintiff that was independent of the duty imposed by the parties' contract, and the plaintiff was essentially seeking the contractual benefit of its bargain (see Meserole Hub, LLC v Rosenzweig, 234 AD3d at 751; Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807). The injury alleged was the result of the defendant's alleged failure to perform under the contract, and thus, there was no injury alleged here that is not already encompassed in the cause of action alleging breach of contract (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 713).
Accordingly, the Supreme Court should have granted the defendant's cross-motion for summary judgment dismissing the complaint.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court